**George OWSLEY et ux., Appellants,**

v.

**George F. MIXON et al., Appellees.**

**No. 16359.**

Court of Civil Appeals of Texas.

Dallas.

June 26, 1964.

Rehearing Denied Sept. 25, 1964.

Wynne, Jaffe & Tinsley, Dallas, and Parker & Williams, Irving, for appellants.

Saner, Jack, Sallinger & Nichols, H. Louis Nichols and Tim Kirk, Dallas, for appellees.

BATEMAN, Justice.

This is an appeal from a summary judgment in favor of the defendants in a suit filed by the appellants George Owsley and wife against the appellees George F. Mixon, Preston Forest Shopping Center, Inc. and Mixon Realty for mandatory injunction and actual and exemplary damages alleged to have been caused by fraudulent misrepresentations, breach of restrictive covenants, violation of city zoning ordinances and the creation and maintenance of a private nuisance. The appellants alleged the purchase by them of a home from Mixon and Mixon Realty Company, who represented among other things that no building would be erected in the neighborhood of more than one story in height, that no noxious or offensive trade or activity would be carried on and that nothing would be done to create an annoyance or nuisance to the neighborhood, that the proposed nearby shopping center would consist of a group of stores or buildings having not more than one story in height, separated from the dwellings by a "buffer zone" and a six-foot wall, etc.

The appellees specially pled waiver, estoppel and *res judicata,* then moved for summary judgment on the ground that a previous judgment rendered in the cause of Jacobson et al v. Preston Forest Shopping Center, Inc. was *res judicata* of the appellants' right to recover in this case. This motion was sustained. In the Jacobson suit neighboring property owners (including appellants) appealed from a decision by the Board of Adjustment of the City of Dallas granting to the appellees a variance permitting the erection of the very buildings of which appellants complain in this suit.

By their first and second points of error on appeal the appellants contend that the judgment in the Jacobson case is not *res judicata* of this case, as held by the trial court, but that their petition in that case sought only a review of the order of the Board of Adjustment, and that since their claim for damages was not therein asserted

by pleading, proof or prayer they have not yet had their day in court as to such claim. We agree.

The Jacobson case was determined by this court (Jacobson v. Preston Forest Shopping Center, Inc., 359 S.W.2d 156, err. ref. n. r. e.), and we have reviewed the entire record of that case in considering these points. It clearly shows that neither the appellants here nor any of the other twenty-six plaintiffs in that case made any effort whatever to present to the trial court anything other than their appeal from the order of the Board of Adjustment. We think it also clear from that record that the court did not attempt to adjudicate anything else and was not asked to do so.

Appellees assert with considerable vigor that the issue of damages was raised and adjudicated in the Jacobson case in that: (1) in the introductory paragraph of the petition was this language, "and file this their Original Petition requesting a Writ of Certiorari to review a decision of the Defendant, the Board of Adjustment, and seeking an injunction *and damages* and as grounds therefor would show the court, etc." (italics ours) and (2) the prayer was for "such other and further relief, legal and equitable, general and special, to which they may be in any wise entitled," and (3) the judgment recited that the plaintiffs "take nothing herein, and that all relief sought by the plaintiffs be, and the same is hereby, denied and that the decision of the Board of Adjustment * * * be, and the same is, in all things affirmed."

Notwithstanding the general language used in the petition and in the judgment in the Jacobson case, as above quoted, such petition and judgment cannot be interpreted to mean that the plaintiffs in that case intentionally sought adjudication of any claim for damages or that the court intended to adjudicate any such claim.

It is also true that several of the plaintiffs (not including appellants here) testified on the trial of the Jacobson case that their homes had been damaged by the acts of the defendants, and while several of them mentioned the amounts invested in such homes there was no attempt made to demonstrate how much such values had been reduced or how much damage had been suffered. This, of course, could not have had the effect of putting in issue the appellants' claim for damages.

Appellees also point out that counsel for appellants stated in the Board of Adjustment hearing that certain of his clients were then trying to sell their homes in the area and were being offered less than one-third of the original price because of the fact that the building erected by appellees has damaged the neighborhood. This was obviously intended to demonstrate to the Board the intense interest of the plaintiffs in enforcement of the zoning ordinance, and could hardly be considered an attempt to prove damages, especially since it was made to an administrative board which had no authority to award damages.

Appellees contend that the failure of appellants to offer any evidence of their loss or damage in the trial of the Jacobson case did not preclude adjudication of that portion of their cause of action, arguing that the doctrine of *res judicata* is not restricted to matters actually adjudicated but extends also to matters that *might have been* litigated, and citing 34 Tex.Jur.2d JUDGMENTS, p. 564, § 501, and Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97. This general rule is well recognized but does not require the joinder of all causes of action a plaintiff may have against a defendant merely because there is some connection between them.

"But the rule, although it requires the plaintiff to set up all the elements of his cause of action, does not require him to set up matters beyond the scope of a proper statement thereof or to join all other causes of action that may have a possible connection with the subject matter of the litigation." 34 Tex.Jur.2d Judgments, p. 567, § 501.

As stated in 34 Tex.Jur.2d Judgments, p. 546, § 492, "* * * in order for a judgment in one suit to bar the bringing of a subsequent one, there must be: identity in the thing sued for; identity of the cause of action; identity of persons and parties to the action; and identity of quality in the persons or parties."

■ Having already demonstrated that the appellants did not intentionally put in issue in the Jacobson case their claim for damages, and that such claim was not actually adjudicated in that case, we now hold that the judgment in the Jacobson case did not bar the prosecution of the present suit for damages on the theory that that claim might have been litigated therein, for three reasons:

1. There is not that identity of parties required for operation of the rule relied on by appellees. The Jacobson case was a tripartite proceeding wherein one group of parties consisted of the Board of Adjustment of the City of Dallas, the City Building Inspector and the City of Dallas itself, representing the public interest; a second group of parties being the appellees herein, the owners of the involved property; and the third group of parties being the appellants and twenty-six others owning neighboring property, claiming a special interest in the enforcement of the zoning ordinance. The present suit is a common law action wherein the appellants are plaintiffs and the appellees defendants. If this controversy had been injected into the Jacobson case, the Board of Adjustment, the City of Dallas and the City Building Inspector, and the public interest represented by them, would have had no interest whatever in it. In fact they probably would have complained bitterly if the trial court had either permitted or required all of the twenty-eight plaintiffs in that case to prove the claimed damages to their fourteen homes. It has been said that in such a case the only question is the legality of the order of the Board of Adjustment. Jacobson v. Preston Forest Shopping Center, Inc., 359 S.W.2d

156, 159; City of San Angelo v. Boehme Bakery, 144 Tex. 281, 190 S.W.2d 67.

2. There was no identity of the causes of action; one being in the nature of an appeal from an administrative order and the other being a common law action for damages. The one involved the applicability and enforcement of a zoning ordinance; the other involved a claim of fraudulent misrepresentations, nuisance and breach of restrictive covenants.

3. The standards and rules governing the proof of the two causes of action were entirely different. In the certiorari proceedings the substantial evidence rule prevailed, while in this suit for damages the plaintiffs must prove their case by a preponderance of the evidence.

Accordingly, we hold that in the situation presented by the record before us, the appellants were not required to present their claims for monetary damages in the certiorari proceedings involved in the Jacobson case and did not do so, and that the doctrine of *res judicata* does not bar them from prosecuting those claims in this suit. Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745; Berry Bros. v. Fairbanks, Morse & Co., 51 Tex.Civ.App. 558, 112 S.W. 427, no wr. hist.; Estapa v. Saldana, Tex.Civ.App., 218 S.W.2d 222, err. ref. n. r. e. Appellants' first and second points of error are sustained.

■ By their third point of error appellants assert that their verified reply to the appellees' motion for summary judgment raised a genuine issue as to a material fact, to wit, that appellees were estopped to raise the defense of *res judicata*. This is based upon the hypothesis that the appellees, having tried the Jacobson case with full knowledge that the present suit for damages was pending and had not been disposed of, and despite this knowledge made no attempt to consolidate the cases, by their silence consented to separate trials of the statutory appeal from the Board of Adjustment order and the damage suit. Ap-

pellants assert that under this set of facts they are entitled to invoke the doctrine of equitable estoppel, and that estoppel is a question of fact for the jury.

We fail to see the logic of this argument. The facts were undisputed. Appellees were under no duty to move for the consolidation of the cases or to warn appellants that unless they presented their damage claim in the Board of Adjustment certiorari proceedings they would later be faced with a plea of *res judicata.* This point is therefore overruled.

Because we feel that under all the facts and circumstances of this case the appellants have not had their day in court on their claim for damages, we reverse and remand the summary judgment against them.

Reversed and remanded.