Ramon LOZANO et al., Appellants,

v.

The PATRICIAN MOVEMENT et al., Appellees.

No. 15068.

Court of Civil Appeals of Texas, San Antonio.

June 21, 1972.

Rehearing Denied July 26, 1972.

**370**

Tracy & Cook, John D. Wennermark, San Antonio, for appellants.

Patrick J. Kennedy, San Antonio, for appellees.

BARROWS, Chief Justice.

This is an appeal by Ramon Lozano and ten other individuals, hereinafter sometimes referred to as appellants, from an order of dismissal of their suit upon a plea of res judicata or moot controversy filed by The Patrician Movement and Father Dermot N. Brosnan, hereinafter sometimes referred to as appellees.

In 1970, The Patrician Movement, a non-profit corporation, was conveyed an 11-acre campus, formerly known as St. John's Seminary, where Father Dermot N. Brosnan proposed to operate a narcotics rehabilitation program. On September 14, 1970, Lozano et al filed their petition in Cause No. F–227,864 seeking a temporary and permanent injunction against such proposed use as well as a declaratory judgment that such use was in violation of City of San Antonio Zoning Ordinance, Section 42–48, and further no Certificate of Occupancy had been issued by the City. On October 8, 1970, the trial court dismissed Lozano's application for injunctive relief. Such order of dismissal was ap-pealed and transferred by the Supreme Court to the Court of Civil Appeals for the Ninth Supreme Judicial District under an equalization order. On May 6, 1971, the Ninth Court of Civil Appeals affirmed the trial court's order of dismissal of the application for injunctive relief.[1] This left pending in Cause No. F–227,864 only the Lozano et al claim for declaratory relief.

In the meantime, on October 8, 1970, The Patrician Movement was granted a Certificate of Occupancy by the City for the use of such premises "for the continuing operation of a school" to be known as La Villita de San Patricio as authorized by the zoning ordinance.[2] On October 30, 1970, the Board of Adjustment set aside the Certificate of Occupancy because the plan of use was not compatible with the definition of "school" contained in the city ordinance.[3] The Patrician Movement filed a petition in the nature of a writ of certiorari to set aside the order of the Board of Adjustment and for issuance of a Certificate of Occupancy which petition was docketed as Cause No. F–229,901. On November 30, 1970, Lozano et al intervened in Cause No. F–229,901 and sought to uphold the order of the Board of Adjustment.

Lozano et al alleged in such petition in intervention that intervenors were property owners in the neighborhood and would be adversely affected by operation of La Villita de San Patricio. On June 29, 1971, The Patrician Movement filed a motion to strike said intervention wherein it was urged that intervenors were not proper or necessary parties and their presence would complicate the issues. On July 8, 1971, such motion was granted, and the petition in intervention was stricken from Cause No. F–229,901. On the same date, judg-

---

1. The opinion was not published.

2. The property is in a "B Residence District" and under Section 42–48 of the City Zoning Ordinance may be used for one or more of the following uses: (8) Churches or schools.

3. The term "school" is defined by Section 42–7 ". . . as such institutions of learning (elementary, high school and college or university), not operated for profit, which offer and maintain a course or courses of instruction leading to degrees or certificates of graduation recognized by the Texas Education Agency."

ment was entered in said cause whereby the trial court decreed that the order of the Board of Adjustment was illegal and void and further ordered that the Certificate of Occupancy of October 8, 1970, be reinstated and declared to be valid and effective. The Board of Adjustment did not appeal from this judgment of July 8, 1971, in Cause No. F–229,901, and it is now a final judgment.

On October 29, 1971, The Patrician Movement and Father Brosnan filed a motion to dismiss Cause No. F–227,864, wherein it was urged that since the final judgment of July 8, 1971, in No. F–229,901 had determined that the property was being occupied under a valid Certificate of Occupancy, the question of a declaratory judgment was moot, and further the question regarding declaratory relief had been settled by prior judgment and is therefore barred by res judicata. Lozano et al filed a verified answer to this motion to dismiss wherein it was averred that these parties had suffered special damages peculiar to themselves and would suffer irreparable injuries, damages and losses by reason of the manner of use of the property by appellees. On November 12, 1971, the trial court, after consideration of the records in Causes No. F–229,901 and No. F–227,864, entered an order of dismissal of Cause No. F–227,864, and Lozano et al have timely perfected this appeal.

█ We first consider whether appellants' cause of action in No. F–227,864 is barred by the doctrine of res judicata. In order for a judgment in one suit to bar the bringing of a subsequent suit, there must be: identity in the thing sued for; identity of the cause of action; identity of persons and parties to the action; and identity of quality in the persons or parties. Owsley v. Mixon, 382 S.W.2d 354 (Tex.Civ.App. —Dallas 1964, writ ref'd n. r. e.); Agey v. Barnard, 123 S.W.2d 484 (Tex.Civ.App.— Amarillo 1939, writ dism'd, judgm. cor.); 34 Tex.Jur.2d, Judgments, Section 492.

In Owsley v. Mixon, supra, it was held that the doctrine of res judicata did not bar a suit by neighbors for damages allegedly caused by violation of the city zoning ordinance although relief had been denied in a prior suit brought by neighboring property owners (including plaintiffs in second suit), to set aside a decision of the Board of Adjustment granting a variance permitting the erection of the very buildings complained of in the second suit. It was held that there was not that identity of parties or identity of causes of action required for operation of the doctrine of res judicata. Furthermore, the standards and rules governing the proof of the two causes of action were entirely different since the substantial evidence rule prevailed in the appeal from the administrative order while plaintiffs must prove their case by the preponderance of the evidence in their common-law action.

█ Here, as in Owsley, there is not the identity of parties or identity of causes of action required for operation of the doctrine of res judicata. The trial court, upon motion of The Patrician Movement, ordered appellants stricken from Cause No. F–229,901. The only question in that suit was the legality of the administrative order of the Board of Adjustment of the City of San Antonio. The doctrine of res judicata does not bar appellants from prosecuting their common-law claim in Cause No. F–227,864.

█ Furthermore, the order of dismissal in Cause No. F–229,901 did not render moot all justiciable controversy between appellants and appellees. The rule is well settled that a private individual cannot maintain a suit to enjoin the alleged violation of a penal ordinance, unless the activity complained of results in damages to such person, peculiar to him, and not common to the public in general. Bolton v. Sparks, 362 S.W.2d 946 (Tex.1962); Woods v. Kiersky, 14 S.W.2d 825 (Tex. Com.App.1929). See also: Scott v. Board

of Adjustment, 405 S.W.2d 55 (Tex.1966). It necessarily follows that an individual can maintain such a suit where he complains of damages peculiar to him which are not common to the public in general. Owsley v. Mixon, supra.

Here, appellants assert such a claim, and the trial court erroneously sustained appellees' motion to dismiss the cause of action. It necessarily follows that we express no opinion regarding the validity of appellants' cause of action or the merits of same. Our holding is that appellants are entitled to their day in court to attempt to show that they have been injured or damaged by appellees other than as a member of the general public.

The order of dismissal is reversed, and the cause remanded for trial on the merits.