James M. LEACH, et al., Appellants,

v.

CITY OF NORTH RICHLAND HILLS, Appellee.

No. 18532.

Court of Appeals of Texas, Fort Worth.

Feb. 4, 1982.

Douglas R. Hudman, Fort Worth, for appellants.

Rex McEntire, Fort Worth, Staples & Foster and George A. Staples, Jr., Hurst, Cantey, Hanger, Gooch, Munn & Collins and S. G. Johndroe, Jr., Fort Worth, for appellee.

Before MASSEY, C.J., and JORDAN and HOLMAN, JJ.

## OPINION

JORDAN, Justice.

James M. Leach and twenty-two other landowners filed suit against the City of North Richland Hills to have the City's Ordinances Nos. 253, 255, and 262, amending the City's Comprehensive Zoning Ordinance by rezoning approximately fifty acres from single-family residence to multi-family residence and local retail, declared null and void. The suit also sought a temporary injunction enjoining the City from granting any building permit for construction on said property except as permitted under the Comprehensive Zoning Ordinance. The owners of the rezoned property intervened. The trial court, in a trial without a jury, upheld the validity of the amendatory ordinances rendering judgment for the City.

We affirm.

Plaintiffs are each homeowners who reside in the Holiday North Addition in the City of North Richland Hills, Texas, each of whom own parcels of this vacant land in this addition.

A brief review of the facts is necessary to an understanding of the judgment which is the subject of this appeal.

In 1967, the City adopted Ordinance 179, a Comprehensive Zoning Ordinance, rezoning the entire City of North Richland Hills. As part of Ordinance 179, an official zoning district map was adopted. Under this ordinance, the Holiday North Addition, which includes all plaintiffs' homes as well as the rezoned tract in question, was zoned single-family residence.

In April of 1969, the City of North Richland Hills enacted two amendatory zoning ordinances on undeveloped land within the

Holiday North Addition. The first, Ordinance No. 253, changed the zoning of approximately 19 acres from single-family to multi-family. The second, Ordinance No. 255, changed approximately twenty-five acres from one family to local retail. On July 14, 1969, by ordinance No. 262 a third tract of land containing approximately 13.-66 acres was rezoned from single-family to multi-family residence and local retail.

Intervenors in this case are Dr. Donald E. Pentecost and wife, Rosemary Pentecost, owners of 36.084 acres of land rezoned by Ordinance Nos. 253 and 255, and Omar Harvey and C. T. Beckham, owners of 13.66 acres of land rezoned by Ordinance No. 262. The intervenors acquired their respective interests in the property in question after the rezoning ordinances had been passed and did so in reliance on the property's zoning classification at the time that they acquired their respective interests.

The Pentecost and Harvey tracts are adjacent to one another with the Pentecost tract lying immediately north of the pie-shaped 13.66 acre Harvey tract. Both tracts are bounded on the west by Holiday Lane, a major thoroughfare. Immediately south of the Harvey tract is a 100 foot wide power line easement. Both tracts lie within a flood plain and have a drainage way running from north to south through them. The City's comprehensive plan developed in 1967 designates the property for "public and semi-public" use and shows the streets at the west and north boundaries of the Pentecost tract to be "secondary thoroughfares" with industrial property across the street to the west, low density residential adjoining on the east, and more "public and semi-public" to the south. The 1967 map shows the area adjoining on the west as "AG" (agriculture), to the north and south as "1F–9FP" (single family) and to the east as "1F–9" (single family).

Plaintiffs filed suit challenging the validity of the three ordinances in question more than eleven years after their adoption by the North Richland Hills City Council. Plaintiffs alleged in their petition that at the time that the City Council adopted the rezoning ordinances in question there was no evidence before the Council which justified said zoning change and that the amendatory ordinances were arbitrary and unreasonable spot zoning bearing no substantial relationship to the public health, safety, and welfare of the City and its inhabitants. Plaintiffs sought an injunction prohibiting the issuance of any building permit by the City on said property except as permitted under the provisions of the Comprehensive Zoning Ordinance and a declaratory judgment declaring the three amendatory ordinances to be null and void.

The defendant City of North Richland Hills answered by general denial, but did not actively participate in the trial, leaving it to the intervenors to present the defense in the case. The intervenors answered by separate petitions generally denying plaintiffs' allegations and pleading in defense that the zoning ordinances in question had been validated by the Texas General Validation Statutes, Articles 1174a–9, 974d–22, and 1174a–10 and that the plaintiffs were barred by laches from attacking and challenging the validity of the 1969 zoning ordinances which zoning took place 10 years or more prior to plaintiffs filing their suit.

The case was tried to the court alone, which held that the North Richland Hills Zoning Ordinances 253, 255, and 262 are valid subsisting ordinances of the City.

No findings of fact or conclusions of law were requested or filed; therefore, we must presume that the trial court made the findings necessary to support its order, indulging every reasonable intendment in favor of the decision of the trial court. *Frederickson v. Cochran*, 449 S.W.2d 329 (Tex.Civ. App.—Beaumont 1969, writ ref'd n. r. e.); *Renfro Drug Co. v. Lewis*, 235 S.W.2d 609 (Tex.1950).

Plaintiffs appeal contending that the trial court erred in:

(1) finding that North Richland Hills Zoning Ordinance Nos. 253, 255, and 262 were valid ordinances;

(2) failing to find that Ordinance Nos. 253, 255 and 262 constituted spot zoning, and as such, were null and void;

(3) in failing to find that the ordinances in question were arbitrary, unreasonable and capricious violations of the City's Comprehensive Zoning Ordinance; and

(4) failing to find that the Texas General Validation Statutes cannot be used to cure a constitutionally defective zoning ordinance.

■ The threshold question to be considered is whether all the plaintiff-homeowners had standing to bring this action against the City. The record shows that only one of the plaintiff-homeowners purchased his home before the adoption of the amendatory zoning ordinances in 1969. James Leach testified that he purchased his home in August of 1965. Plaintiffs Carl Braaks and Nancy Strausser testified that they purchased their homes in May of 1972 and April of 1973 respectively, long after the amendatory zoning ordinances were adopted. No other plaintiffs testified nor is there any evidence in the record as to when the other plaintiffs purchased their homes. We hold that those plaintiffs who purchased their homes after adoption of the 1969 amendatory ordinances did so with notice of the rezoning ordinances and they cannot now be heard to complain. *City of Corpus Christi v. Jones*, 144 S.W.2d 388 (Tex.Civ.App.—San Antonio 1940, dism'd judgm. Cor.). See also *Taylor v. Schlemmer*, 183 S.W.2d 913 (Mo.1944).

■ Another inquiry is whether this is a spot zoning case as contended by plaintiffs in their second point of error. We hold it is not. The term "spot zoning" is used in Texas and most states to connote an unacceptable amendatory ordinance that singles out a *small* tract for different treatment from that accorded to similar surrounding land, for the benefit of the owner of such property and to the detriment of other owners. *City of Pharr v. Tippitt*, 616 S.W.2d 173, 177 (Tex.1981); 1 R. Anderson, American Law of Zoning, Sec. 5.08 (1968). We do not regard the ordinances in question as spot zoning. At the time the tracts in question were rezoned they were located in a largely undeveloped area bounded on the east by undeveloped farming land. The

size of these tracts are large enough for planning as a self-contained orderly development. This is not an instance of piecemeal zoning of an isolated lot or small tract; clearly, this is not a spot zoning case.

By counterpoint, intervenors contend that the challenged amendatory zoning ordinances were validated by Article 1174a–9, effective June 14, 1973; Article 974d–22, effective September 1, 1975; and Article 1174a–10, effective August 27, 1979.

Article 1174a–9 provides in part:
"Sec. 3. All governmental proceedings of home-rule cities, save and except those relating to annexation of territory, are hereby ratified and confirmed ..."

Article 974d–22, applicable to cities of more than 5000, provides in part:
"Sec. 4. All governmental proceedings performed by the governing bodies of all such cities and towns and all officers thereof since their incorporation or attempted incorporation are hereby in all respects validated as of the date of such proceedings."

Article 1174a–10 provides in part:
"Section 1. This Act applies to any incorporated city or town that before the effective date of this Act adopted or attempted to adopt a home-rule charter and since the adoption or attempted adoption has functioned as a homerule city.
. . . .
Section 2
. . . .
(b) All governmental acts and proceedings of the municipality since adoption or attempted adoption of the charter are validated as of the dates on which they occurred."

■ It was stipulated by and between the parties that the City of North Richland Hills is a home-rule city. The adoption of the amendatory zoning ordinances in question was a "governmental proceeding." *City of Hutchins v. Prasifka*, 450 S.W.2d 829 (Tex.1970). The Supreme Court in *Hutchins v. Prasifka, supra*, held that zoning ordinances are validated if it appears to

be the intention of the legislature in passing the validating act that they be so validated. In addition, validating acts are remedial and are to be liberally construed. *Perkins v. State*, 367 S.W.2d 140 (Tex.1963).

Plaintiffs argue that the validation statutes are not applicable in the present case because validation statutes cannot cure substantive defects, including constitutional defects. Plaintiffs contend that the amendatory ordinances in question are unconstitutional in that they have been passed arbitrarily and unreasonably, and bear no substantial relationship to the public health, safety, morals, or general welfare. As a consequence, they contend, the rezoning ordinances were void from inception and are therefore void today.

■ We agree that validation statutes cannot cure constitutional defects; however, substantive defects which do not render the ordinance unconstitutional can be cured by validating statutes. *City of Kermit v. Spruill*, 328 S.W.2d 219 (Tex.Civ.App. —El Paso, 1959, writ ref'd n. r. e.).

■ In the present case, we do not find the ordinances to be constitutionally defective; therefore, we hold that the ordinances in question were validated by Articles 1174a–9, 974d–22, and 1174a–10. It is clear from the record that the amendatory zoning ordinances were enacted pursuant to Article 1011e which authorizes a municipal legislative body to change and amend zoning ordinances after notice and a public hearing. The evidence shows that the rezoning requests were first submitted to the City of North Richland Hills' zoning commission which gave notice and held a public hearing pursuant to Article 1011f and that the commission forwarded their recommendation to the City Council. The City Council then held a public meeting, after notice, at which time the public was allowed to speak. We hold that any defect, other than constitutional defects of which we find none, in the adoption of these ordinances which might render them invalid has since been validated by statute.

■ There is another ground upon which the trial court's judgment should be affirmed. We find the doctrine of laches applicable in this case. See *City of Fort Worth v. Johnson*, 388 S.W.2d 400 (Tex. 1964). Intervenors plead laches as an affirmative defense. The burden was on intervenors to prove (1) unreasonable delay by one having legal or equitable rights in asserting them and (2) a good faith change of position by another to his detriment because of the delay. *City of Fort Worth v. Johnson, supra*, at 403; 19 Am.Jur. 343, Equity, Sec. 498. In the case at bar, it is uncontested that the ordinances challenged by plaintiffs were originally passed in 1969, yet this action was not filed until 1980. It is likewise uncontested that the intervenors have changed their positions in reliance on the rezoning both by purchasing the subject property as commercial property and by expending money to develop said property. No evidence was offered to justify the delay in the bringing of this suit.

For the foregoing reasons, we affirm the trial court. We have considered each of plaintiffs' points of error and overrule each. We find that the trial court did not err in refusing to hold the 1969 rezonings void, and that plaintiffs failed to meet their burden of showing that the City of North Richland Hills acted arbitrarily and capriciously in adopting the ordinances in question.

Affirmed.