NO. 07-99-0347-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 31, 2001

______________________________

DENVER CITY INDEPENDENT SCHOOL DISTRICT, APPELLANT

V.

MICHAEL MOSES, COMMISSIONER OF EDUCATION,

TEXAS EDUCATION AGENCY, APPELLEES

_________________________________

FROM THE 121
ST
 DISTRICT COURT OF YOAKUM COUNTY;

NO. 7540; HONORABLE KELLY G. MOORE, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant Denver City Independent School District appeals from the trial court’s dismissal of its suit against appellees Michael Moses, Commissioner of Education, and the Texas Education Agency for lack of jurisdiction.  Appellant sued for declaratory judgment concerning agreements for the purchase of attendance credits for 1998-99 and prior school years.  Appellant sought (1) declaration that the agreements were void and not enforceable, (2) reformation of the agreements, or (3) recission of the agreements; and (4) restitution of money appellant paid to appellees pursuant to the agreements.  We affirm.

BACKGROUND

Appellant and appellees entered into an Agreement for Purchase of Attendance Credits (the Agreement) for the school year of 1998-99 (the school year).  The Agreement was for appellant to purchase attendance credits from the state for the school year, pursuant to Subchapters A and D of Chapter 41 of the Education Code.
(footnote: 1)  Contracts of the same nature had been entered into by appellant and appellees for prior school years (the Agreement and the prior contracts will be referred to collectively as “the contracts”).  

In April, 1999, appellant filed suit against appellees in Yoakum County by filing Plaintiff’s Verified Petition for Declaratory Relief.  Appellant pled that (1) it was unsure of its rights and responsibilities under the contracts, (2) fundamental changes occurred in the Texas economy after the first of the contracts was executed, (3) in entering the contracts the parties erroneously assumed that tax values would remain high in counties dependent on oil for property valuations, and that such assumption was a mistake of existing fact, (4) public officials of the State voiced threats that school districts such as appellant would be restructured if the districts did not enter into contracts such as the contracts between appellant and appellees, and that appellant therefore entered into the contracts under duress.  Appellant’s pleadings asserted that because of the foregoing, appellant was entitled to reformation, recission or voiding of the contracts and to restitution of amounts it had paid pursuant to the contracts.  Appellant prayed for declarations that (1) the contracts were and are not enforceable, (2) appellant was entitled to reformation, recission, or voiding of the contracts and (3) appellant was entitled to restitution of amounts paid under the contracts.  Appellant also sought ancillary and general relief under the Declaratory Judgment Act and “other pertinent sections of the Civil Practices [sic] and Remedies Code,” general relief and fees and costs.  

Appellees responded with a motion to transfer venue, plea to the jurisdiction, and answer.  In the plea to the jurisdiction, appellees urged that the trial court lacked jurisdiction because (1) appellees had sovereign immunity, (2) the issues presented political questions, (3) no justiciable controversy existed because appellant had performed and was continuing to perform its contractual obligations, and (4) appellant failed to exhaust its administrative remedies, and thus lacked standing to bring the suit.  Without stating its reasons in the order of dismissal, the trial court granted appellees’ plea to the jurisdiction and dismissed the suit.

By four issues, appellant sequentially challenges each of the grounds asserted by appellees in the plea to the jurisdiction.  We determine that the trial court lacked subject matter jurisdiction because of appellees’ sovereign immunity to suit, and will address only appellant’s first issue.  
Tex. R. App. P
. 47.1. 

LAW

The existence of a court’s subject matter jurisdiction over a case or controversy is a legal question.  
Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 928 (Tex.1998). Accordingly, the standard of review is 
de novo
.  
Id
. 

Sovereign immunity protects the state from lawsuits for damages.  
General Serv.’s Comm’n v. Little-Tex Insulation Co.
, 39 S.W.3d 591, 594 (Tex. 2001).
(footnote: 2)  Sovereign immunity encompasses two concepts: immunity from suit and immunity from liability.  
Id
.  Sovereign immunity from suit deprives the trial court of subject matter jurisdiction over the controversy, while sovereign immunity from liability does not.  
Texas Dep’t of Transp. v. Jones
, 8 S.W.3d 636, 638 (Tex. 1999).
(footnote: 3) 
 

Subject matter jurisdiction is never presumed.  
Texas Ass’n of Bus. v. Texas Air Control Bd.
, 852 S.W.2d 440, 443-44 (Tex. 1993).  
To establish a trial court’s subject matter jurisdiction over a suit against the State, a litigant must show, either by reference to a statute or to express legislative permission, that the legislature consented to the suit.  
Jones
, 8 S.W.3d at 638.  The legislative consent must be by clear and unambiguous language.  
Little-Tex Insulation Co.
, 39 S.W.3d at 594.  
The state’s immunity to suit, which deprives the court of subject matter jurisdiction, is not waived by the state entering into a contract or by its conduct in accepting benefits pursuant to a contract.  
See
 
Texas Dept. of Transp. v. Aer-Aerotron, Inc
., 39 S.W.3d 220 (Tex. 2001); 
Little-Tex Insulation Co.
, 39 S.W.3d at 594.
 
 

Suits seeking declaration that actions of a state agency or state employee are illegal are not “suits against the State” which require legislative permission or statutory authority.  
Federal Sign
, 951 S.W.2d at 404-05; 
see
 
Texas Dept. of Pub. Safety v. Moore
, 985 S.W.2d 149, 154 (Tex.App.--Austin 1998, no pet.).  However, a suit against the state which seeks to recover damages for breach of contract on the basis that the state or its agency acted in violation of state law is a “suit against the State” such that legislative consent is required to create subject matter jurisdiction in the courts.  
See
 
Federal Sign
, 951 S.W.2d at 404-05.

Rescission of contract is an equitable remedy, with the measure of damages generally being return of the consideration paid together with such further special damage or expense as may have been reasonably incurred by the party wronged on account of the contract.  
Smith v. National Resort Communities, Inc.
, 585 S.W.2d 655, 660 (Tex. 1979).  Award of restitution is an award of “damages.”  
See
 
Hanners v. State Bar of Texas
, 860 S.W.2d 903, 910 (Tex.App.--Dallas 1993, no writ).     

The Declaratory Judgments Act
(footnote: 4) (the Act) does not confer jurisdiction on a court to decide controversies, but, rather, provides a procedural vehicle to decide controversies which exist within the court’s jurisdiction.  
See
 
Texas Ass’n Bus. v. Texas Air Control Bd.
, 852 S.W.2d 440, 444 (Tex. 1993). 
 The provisions of the Act may not be invoked to revise, alter or reform the rights or legal relationships of parties to a contract.  
See
 
Emmco Ins. Co. v. Burrows
, 419 S.W.2d 665, 670-71 (Tex.Civ.App.--Tyler 1967, no writ).  The purpose of the Act in authorizing declaratory relief as to contracts is to allow interpretation of the contracts and the rights of parties to contracts; not to allow modification of those rights.  
Jackson v. Houston Indep. Sch. Dist
., 994 S.W.2d 396, 403 (Tex.App.-- Houston [14
th
 Dist.] 1999, no pet.); 
Burrows
, 419 S.W.2d at 670-71.      

ANALYSIS

By its first issue, appellant urges that the trial court erred in dismissing its suit for lack of subject matter jurisdiction for two reasons.  First, appellant maintains that it did not need to obtain legislative consent for suit because it was not seeking damages from appellees, but was simply seeking interpretation of its rights under the contracts.  Because it was only seeking declaratory judgment interpreting the contracts, appellant asserts, the state’s consent to sue was not required.  Second, appellant claims that even if its suit is characterized as a contract case, the state waived its immunity to suit by its actions in accepting payments under the contracts and in causing appellant to execute the contracts under duress.  

A. Nature of the suit 

Appellant’s live pleadings at the time the trial court granted summary judgment alleged (1) changes in conditions after execution of some of the contracts, (2) mistake of existing fact by the parties when all or some of the contracts were entered into, and (3) public statements by state officials threatening to “detach or otherwise break-up” the school district without judicial review if appellant did not enter into the contracts.  Appellant alleged that the threats were “improper,” were duress, and that appellant entered into the contracts as a result of such duress.  Appellant did not plead or assert in the trial court that appellees acted illegally or exceeded their authority under law. 

Appellant’s live pleadings alleged that it filed suit because appellant was “uncertain of its rights and responsibilities under the Contracts.”  Under the heading of Jurisdiction and Venue, the pleadings alleged that the case arose under the Texas Declaratory Judgment Act, and that “[t]he dispute involves contracts between [appellees] and [appellant].  [Appellant] seeks to avoid the draconian liability that [appellees] would impose upon [appellant] if it did not comply with the Contract.”  Under a section entitled Causes of Action, appellant set out three subsections: (a) Change in Conditions, (b) Mistake of Facts and (c) Duress.  Under each subsection appellant claimed that it was entitled to reformation, recission or voiding of the contracts, as well as restitution of money appellant had paid under the contracts.  Under the final section of its pleadings entitled Request for Declaratory Relief, appellant requested that the trial court 

. . .  declare its rights and responsibilities under the Contracts.  In particular, [appellant] requests the following declarations: 

a. That the Contracts are not enforceable;

b. . That [appellant] is entitled to reformation, recission, or voiding of the Contracts; and 

c.  That [appellant] is entitled to restitution of amounts paid under the Contracts. 

Clearly, each cause of action asserted by appellant, and appellant’s suit, sought reformation, recission or voiding of the contracts.  The relief requested by appellant under each of its causes of action was substantive alteration or extinguishment of its contractual obligations with appellees.  
See
 
Jackson
, 994 S.W.2d at 403
.   Appellant’s pleadings added, in the prayer (Request for Declaratory Relief), a general request for declaration that the contracts were not enforceable.  Under appellant’s pleadings, such a request was simply another way of requesting relief by recission or voiding of the contracts. 

Under each cause of action pled by appellant, and under each particular request for relief in the prayer of its pleadings, appellant sought restitution of some or all of the money it paid pursuant to the contracts.  
See
 
Smith
, 585 S.W.2d at 660; 
Hanners
, 860 S.W.2d at 910. 
 Appellant’s suit, therefore, was for money damages.  
See
 
Smith
, 585 S.W.2d at 660; 
Hanners
, 860 S.W.2d at 910.

Moreover, appellant’s characterization of its suit as one which simply sought interpretation and declaration of its rights under the contracts does not comport with the language or substance of its pleadings.
  The suit sought to alter substantive contractual rights between appellant and appellees; it was not merely a suit to declare the rights of the parties to the contract.  
See
 
Jackson
, 994 S.W.2d at 403
; 
Burrows
, 419 S.W.2d at 670-71. 

 
Appellant posits that seeking restitution did not make its suit one for damages, and references 
Camacho v. Samaniego
, 954 S.W.2d 811 (Tex.App.--El Paso 1997, pet. denied).  
Camacho
, however, involved a suit to recover surety bond approval fees which had been collected without statutory authority.  
Id
. at 814.  
Camacho
  did not involve a suit in which contractual defenses formed the basis for claiming restitution of money or property transferred pursuant to the contract.  As we have noted previously, appellant did not plead or assert that appellees acted illegally or exceeded their authority under law in entering into or accepting benefits of the contracts.  Each cause of action pled by appellant sought damages measured by all or part of the amounts appellant paid under the contracts.  
See
 
Federal Sign
, 951 S.W.2d at 404-05.  
    

Unless the state consents to be sued, the state has sovereign immunity from suit by which a party to a contract with the state seeks to recover damages from the state
 and to alter obligations created by the contract.   
See
 
Little-Tex Insulation Co.
, 39 S.W.3d at 594, 597.
 Therefore, a trial court does not have subject matter jurisdiction as to such a suit unless the state has consented to be sued.
  
See
 
id
.; 
Jones
, 8 S.W.3d at 638.  Appellant did not plead or contend in the trial court that the state consented to be sued.  
Thus, unless the state waived its sovereign immunity to suit by its conduct, as appellant urges, the trial court did not have subject matter jurisdiction over appellant’s suit. 

B.  Waiver of sovereign immunity to suit by conduct

Appellant claims that even if its suit was a contract case for which the state’s consent was required, immunity to suit was waived by actions of appellees in accepting payments under the contracts and in causing appellant to execute the contracts under duress.  Appellant bases its position on language in 
Federal Sign
 indicating that there may be circumstances where the state might waive its immunity by conduct other than simply executing a contract.  
See
 
Federal Sign
, 951 S.W.2d at 408 n.1.

The matter before us does not involve breach of a contract for goods and services, as did the controversies in 
Federal Sign
 and 
Little-Tex
.  We believe, however, that we should be guided by the statement of the Texas Supreme Court in 
Little-Tex
 that the “one route to the courthouse for breach-of-contract claims against the State . . . is through the Legislature.”  
Little-Tex Insulation Co.
, 39 S.W.3d at 597.  We will, therefore, defer to the Legislature to waive the state’s sovereign immunity to a suit such as the one brought by appellant.  
See
 
id
.  We hold that appellees did not waive sovereign immunity to suit by accepting payments under the contracts.  
See
 
Aer-Aerotron, Inc
., 39 S.W.3d at 220-21; 
Little-Tex Insulation Co.
, 39 S.W.3d at 594.
 
 
Furthermore, assuming the validity of appellant’s allegations that it entered into the contracts because of threats that it would be restructured if the contracts were not executed, and without deciding whether entering the contracts under such circumstances would be sufficient cause to warrant reformation or recission of the contracts, we further hold that such statements by officials acting on behalf of the state would not, and did not, waive the state’s immunity to suit.  
See
 
id
. at 597.   

We overrule appellant’s first issue.  Because our determination as to appellant’s first issue is dispositive of the appeal, we do not address the remainder of appellant’s issues.  
Tex. R. App. P.
 47.1.

CONCLUSION

 Appellees had sovereign immunity to suit as to the claims asserted by appellant.  The trial court did not have subject matter jurisdiction over appellant’s suit. The judgment of dismissal is affirmed.

Phil Johnson

    Justice

Publish.

FOOTNOTES
1:
See
 Tex. Educ. Code Ann
. Chapter 41 (Vernon 1996 and Supp. 2001).    

2:
Both 
Little-Tex
 and 
Federal Sign v. Texas S. Univ.
, 951 S.W.2d 401 (Tex. 1997), addressed contracts between a state entity and a private citizen for goods and services.  
Little-Tex
 was decided after submission of the case before us, but the court of appeals’ opinion was cited by both parties.  Neither appellant nor appellees have asserted inapplicability of 
Federal Sign
 or the analysis of the court of appeals in 
Little-Tex
 to the issue of sovereign immunity, even though the pending controversy concerns contracts between a school district and a state agency, as opposed to contracts between a private citizen and the state.
 

3:
Sovereign immunity from liability is not jurisdictional and is an affirmative defense which must be pleaded to be asserted.  
See
 
Jones
, 8 S.W.3d at 638. Immunity from liability may be waived.  
Id
.  When the state contracts with private citizens, the State waives immunity from liability as to the contract.  
Little-Tex Insulation Co.
, 39 S.W.3d at 594.

4:
Tex. Civ. Pract. & Rem. Code Ann
. Chapter 37 (Vernon 1997).