NO. 07-03-0242-CV


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL A


AUGUST 14, 2003


______________________________


CITY OF CANYON, TEXAS, APPELLANT


V.


MIKE McBROOM AND TIMOTHY ETHAN McBROOM

AS NEXT FRIEND OF JOHN CURTIS McBROOM, A MINOR, APPELLEES



_________________________________


FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;


NO. 52,769-A; HONORABLE HAL MINER, JUDGE


_______________________________


Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

OPINION


 City of Canyon, Texas, appeals from denial of its plea to the jurisdiction in a suit to
invalidate amendments to its zoning ordinance and to enjoin issuance of construction
permits for property re-zoned by the amendments. We reverse in part, affirm in part, and
remand for further proceedings.


BACKGROUND


 On April 7, 2003, the Canyon, Texas, City Commission adopted two amendments
to the City's zoning ordinance. The amendments resulted in two tracts of land in the City
(the "Property") being zoned RC-2 (commercial). As a result of the adoption of the zoning
amendments, Mike McBroom and Timothy Ethan McBroom, as next friend of John Curtis
McBroom, a minor, filed suit against the City (the "suit"). The McBrooms' suit alleges that
the commercial zoning was proposed on behalf of Wal-Mart Stores, Inc., and that Wal-Mart
plans to build a Wal-Mart Super Center on the Property. The McBrooms further allege that
(1) the commercial zoning for the Property "does not comply with legal requirements for
zoning and is void"; and (2) the actions of the City Commission which they challenge "are
not in compliance with law." Their pleadings specifically state that their suit is not for
money damages. The McBrooms pray for (1) injunctive relief pursuant to Tex. Civ. Pract.
& Rem. Code Ann. § 65.011 prohibiting the City from issuing a building permit, approval of
a site plan or the taking of any other action allowing the building of structures on the
Property pursuant to the RC-2 zoning; and (2) judgment annulling the RC-2 zoning. 

 Mike McBroom alleges and testified that he is a citizen, a resident of Canyon, and
owns a home within 2000 feet of the Property. He further alleges that before he purchased
his home he investigated and found that zoning in the area, including the one tract of the
Property then within the City, was residential. Through his investigation he also found that
part of the property he purchased for his home as well as the one tract of the Property then
outside of the City lay in a flood plain, and that the City had a policy of not allowing
construction in flood plain areas. He asserts that he relied on the zoning status and the
policy of the City when he purchased his home. Mike claims, and testified, that if Wal-Mart
constructs a Super Center on the Property, the value of his nearby property will be
adversely affected and his flood insurance premium might increase because construction
in the flood plain will increase the elevation of the construction site and thus increase the
possibility of flooding on nearby land. 

 John Curtis McBroom, a minor, is Mike's grandson. John, acting through his
father Ethan, alleges that he is a student at Canyon Crestview Elementary School which
is located several hundred feet from the proposed site for the Super Center. John claims
that he and other children attending Crestview will be exposed to an increased risk of harm
from increased automobile traffic if Wal-Mart builds a Super Center on the Property. 
Mike's testimony was the only evidence as to John's attendance at Crestview. Mike
testified that John might or might not attend Crestview during the upcoming school year as
John's family had not yet decided which school he would attend. 

 The City challenges the trial court's subject-matter jurisdiction. The City asserts that
(1) it has sovereign immunity from suit and (2) both McBroom plaintiffs lack standing. 

 The parties stipulated that the City is a home rule city. The trial court denied the
City's jurisdictional challenge. No injunctive relief was granted. 

 The City appeals from the ruling denying its challenge to the jurisdiction. It
maintains via two issues that its sovereign immunity from suit and the McBrooms' lack of
standing each deprived the trial court of subject-matter jurisdiction. The City prays that we
render judgment dismissing the lawsuit. The McBrooms urge that the City's appeal is
frivolous and seek recovery of attorney's fees as damages under Texas Rule of Appellate
Procedure 45. 

JURISDICTION

 Subject matter jurisdiction is essential to the authority of a court to decide a case. 
Texas Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). Subject
matter jurisdiction is never presumed. Id. at 443-44. It is incumbent on a plaintiff to allege
facts that affirmatively demonstrate the court's jurisdiction to hear the cause. Id. at 446;
Richardson v. First Nat'l Life Ins. Co., 419 S.W.2d 836, 839 (Tex. 1967). The trial court
may consider evidence when making its determination as to jurisdiction, and must do so
when necessary to resolve the jurisdictional issues raised. Bland Indep. Sch. Dist. v. Blue,
34 S.W.3d 547, 555 (Tex. 2000). 

 Jurisdiction is a legal question subject to de novo review on appeal. Mayhew v.
Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). In making its de novo review, an
appellate court construes the pleadings in favor of the plaintiff and looks to the pleader's
intent. See Texas Ass'n of Bus., 852 S.W.2d at 446. The appellate court takes the facts
pled as true and considers any evidence in the record to the extent necessary to resolve
the issue of subject matter jurisdiction. See Bland Indep. Sch. Dist., 34 S.W.3d at 555. 

ISSUE ONE: SOVEREIGN IMMUNITY

 In response to the City's sovereign immunity pleading, the McBrooms contend that
their suit is not a "suit against the State" within the construct of the doctrine of sovereign
immunity. They claim that because their suit is not a "suit against the State," sovereign
immunity is inapplicable. We are referred, in part, to Federal Sign v. Texas S. Univ., 951
S.W.2d 401 (Tex. 1997). 

A. Law 

 Sovereign immunity encompasses two principles that protect the state and other
governmental entities in suits for money damages: immunity from suit and immunity from
liability. Id. at 405. Immunity from suit deprives a trial court of subject-matter jurisdiction
and is properly asserted in a plea to the jurisdiction. Travis County v. Pelzel & Assocs.
Inc., 77 S.W.3d 246, 248 (Tex. 2002). A municipality, as a political subdivision of the state,
is entitled to sovereign immunity. See City of Lancaster v. Chambers, 883 S.W.2d 650,
658 (Tex. 1994). 

 In determining the sovereign immunity issue, suits against the State or its entities
to determine parties' rights are distinguished from suits seeking damages. See Federal
Sign 951 S.W.2d at 404. See also Tex. Civ. Pract. & Rem. Code Ann. §§ 37.004(a),
37.006(b) (Vernon 1997). An action against an agency by a person for determination and
protection of that person's rights is not a suit against the State within the rule of sovereign
immunity. See Cobb v. Harrington, 190 S.W.2d 709, 712, 144 Tex. 360 (1945).

B. Analysis

 We must construe the McBrooms' pleadings in their favor and look to their intent in
determining jurisdiction. See Texas Ass'n of Bus., 852 S.W.2d at 446. Their pleadings
generally allege that the zoning in question does not comply with legal requirements and
is void. (1) They specifically disclaim seeking money damages, and affirmatively state that
the suit seeks only to invalidate actions of the City Commission which the McBrooms claim
to have been in violation of law. They pray, in part, for judgment annulling the RC-2
zoning.

 The lawsuit is not of a type such as those reflected by Denver City Indep. Sch. Dist.
v. Moses, 51 S.W.3d 386 (Tex.App.--Amarillo 2001, no pet.), and Ware v. Miller, 82
S.W.3d 795 (Tex.App.--Amarillo 2002, pet. denied). If the plaintiffs had prevailed on the
claims asserted in those suits, judgments for money against the governmental entities
would have resulted. See Denver City Indep. Sch. Dist., 51 S.W.3d at 392-93; Ware, 82
S.W.3d at 804. If the McBrooms prevail on the claims in their pleadings, a money
judgment against the City will not be the result. 

 The suit as currently pled is not a "suit against the State" within the meaning of that
phrase as it is used in determining sovereign immunity from suit. See Cobb, 190 S.W.2d
at 712. 

 The City's issue asserting sovereign immunity is overruled. 

ISSUE TWO: STANDING 

 In challenging the McBrooms' standing to bring their claims, the City posits that
neither of the McBrooms asserts a particularized injury or adverse impact distinguishable
from that of the general public. The City relies on Bland Indep. Sch. Dist., 34 S.W.3d at
553-54, for the proposition that absent such a particularized, individual injury, a citizen may
not maintain an action against the City. 

 In support of their standing claim, the McBrooms refer us to precedent involving
standing issues as to persons suing over both non-zoning and zoning matters. See Brown
v. Todd, 53 S.W.3d 297 (Tex. 2001) (mayor's executive order); Leach v. City of North
Richland Hills, 627 S.W.2d 854 (Tex.App.--Ft. Worth 1982, no writ) (zoning); Lozano v.
Patrician Movement, 483 S.W.2d 369 (Tex.Civ.App.--San Antonio, 1972 writ ref'd n.r.e.)
(zoning).

A. Law 

 The general test for standing in Texas requires that there be a real controversy
between the parties which will be determined by the judicial declaration sought. Texas
Ass'n of Bus., 852 S.W.2d at 446. A plaintiff may not maintain an action absent standing
to litigate the matters made the basis of the lawsuit, see Hunt v. Bass, 664 S.W.2d 323,
324 (Tex. 1984), because standing is a component of subject matter jurisdiction. See
Bland Indep. Sch. Dist., 34 S.W.3d at 553-54. A plaintiff does not have standing unless
the subject matter of the litigation affects the plaintiff differently than other members of the
general public. See Hunt, 664 S.W.2d at 324. One framework for testing a person's
standing directs inquiries into whether (1) the person has sustained or is in immediate
danger of sustaining a direct injury as a result of the wrongful act of which he complains; 
(2) there is a direct relationship between the alleged injury and the claim sought to be
adjudicated; (3) the person has a personal stake in the outcome of the case; (4) the
challenged action has caused the person some injury in fact; or (5) the person is an
appropriate party to assert the public's interest in the matter as well as his or her own
interest. See Marburger v. Seminole Pipeline Co., 957 S.W.2d 82, 89 (Tex.App.--Houston
[14th Dist.] 1997, pet. denied). 

B. Analysis

 The factual allegations of the McBrooms' pleadings, which we take as true in
determining the appeal, include allegations that John McBroom attends a public school
located several hundred feet from the Property and that he and other children attending
the school will be subjected to an increased risk of harm because of increased traffic as
a result of the zoning amendments and proposed construction by Wal-Mart. According to
the evidence, his future attendance at Crestview is speculative. Assuming, without
deciding, however, that he will be attending Crestview, neither the pleadings nor the
evidence support a claim that he has sustained or is in immediate danger of sustaining a
direct, individualized personal or economic injury. He advances no basis for us to conclude
that he is an appropriate party to assert the public's interest in the City Commission's
actions and zoning enactment. Id. 

 Neither the facts pled nor the evidence show that John has an individualized interest
or injury different from other members of the general public who will be exposed to
increased traffic, regardless of whether the other members of the public attend school or
simply live, work, or visit in the area. John has not shown standing to assert the claims
made. We sustain the City's issue as to him. 

 Mike McBroom alleges and testified that he owns a home and land near the
Property. Part of Mike's land and part of the Property lie in a flood plain. Mike alleges and
testified that he is in danger of sustaining a direct, individual injury from increased flooding
of his land as well as decreased value of his property as a result of the zoning
amendments and the proposed construction. 

 Mike McBroom claims an injury peculiar to him which is not common to the public
in general. See Lozano, 483 S.W.2d at 372. He has standing to attempt to prove his
allegations in a trial.

 Without expressing an opinion regarding the validity of his cause of action or the
merits of his claims, we overrule the City's challenge to Mike McBroom's standing. 

CONCLUSION

 As to John Curtis McBroom, the order of the trial court is reversed and his claims
are dismissed. As to Mike McBroom, the order of the trial court is affirmed and the cause
is remanded to the trial court for further proceedings. 

 The McBrooms' prayer for damages because of a frivolous appeal is denied. 



 Phil Johnson

 Chief Justice 
1. No issue as to the generality of the pleading is before us.