NO. 07-05-0346-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



APRIL 28, 2006


______________________________



JULIO CESAR DELACRUZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B-15,490-0404; HON. ED SELF, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant, Julio Cesar Delacruz, appeals from a judgment revoking his community
supervision. He had previously been convicted of assault, and the trial court suspended
his five-year sentence and placed him on community supervision. Thereafter, the State
moved to revoke appellant's community supervision. The motion was granted. Now two
issues lie before this court. Both concern the effectiveness of appellant's counsel and the
revocation hearing. We overrule each and affirm the judgment.

Issue One - Admitting His Identity


 Through the first issue, appellant contends that his attorney was deficient because
he allowed appellant to admit (via written stipulation) that he was the person who was
originally convicted of assault. Yet, in addition to executing the stipulation, appellant
appeared and testified at the revocation hearing. Furthermore, the first question asked of
him concerned whether he was the individual previously convicted of assault in Cause No.
B-15,490-040. The latter cause is the very same one from which the revocation
proceeding arose. And, most importantly, appellant answered "yes, sir" to the question
propounded by the State. Thus, it matters not what appellant may have said in the written
stipulation since he orally confirmed his identity as the defendant previously convicted of
assault and placed on probation. Moreover, while appellant says much about the State
having to prove identity, he cites us to no evidence suggesting, much less illustrating, that
it would have encountered any difficulty in fulfilling that burden without execution of the
prior stipulation. See Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005)
(stating that, among other things, one claiming ineffective assistance of counsel must
establish prejudice arising from that deficient performance).

 Additionally, appellant acknowledged in his brief that his counsel chose a strategy
of admitting that which the State could easily prove and fighting that which it could not. 
See Wood v. State, 4 S.W.3d 85, 91 (Tex. App.-Fort Worth 1999, pet. ref'd) (holding that
one is not ineffective when foregoing futile arguments or objections). Accompanying this
strategy of cooperation, which courts have recognized as legitimate, see e.g., Baber v.
State, 931 S.W.2d 359, 362 (Tex. App.-Amarillo 1996, pet. ref'd); Miller v. State, No. 05-99-01740-CR, 2001 Tex. App. Lexis 26 at *10 (Tex. App.-Dallas January 3, 2001, no pet.)
(not designated for publication), was a request that appellant remain on probation. 
Together, they may be viewed as components of an effective trial strategy. At the very
least, reasonable minds could differ on it, and, thus, the trial court did not abuse its
discretion in denying appellant a new trial on that ground. State v. Gonzalez, 855 S.W.2d
692, 696 (Tex. Crim. App. 1993) (holding that whether to grant a new trial lies within the
trial court's discretion); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)
(stating that a trial court abuses its discretion when its decision falls outside the zone of
reasonable disagreement). 

Issue Two - Void Conditions of Probation


 Next, appellant argues that his counsel was deficient since he did not attack various
conditions of his probation. These conditions were purportedly void because they would
have required him to enter the United States illegally to perform them. (1) Yet, the conditions
at issue go unmentioned. And, assuming they included all those itemized within the State's
motion to revoke, we remain left to guess about why his presence in the United States was
necessary for him to pay the fees and costs which he failed to pay or why he could not
report to his probation officer by mail. These were conditions which the State proved and
the court found he breached.

 In short, appellant's contention is bereft of both explanation and citation to authority
suggesting that the conditions imposed were void under the circumstances. Thus, he did
not prove that trial counsel acted unreasonably in failing to attack them. At the very least,
reasonable minds could differ on it, which effectively insulates from attack the trial court's
decision to deny him a new trial. 

 Having overruled appellant's issues, we affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice


Do not publish.

 

 
1. Appellant was an illegal alien whom the United States arrested and deported upon his conviction for
assault.



family: Arial"> Jurisdiction is a legal question subject to de novo review on appeal. Mayhew v.
Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). In making its de novo review, an
appellate court construes the pleadings in favor of the plaintiff and looks to the pleader's
intent. See Texas Ass'n of Bus., 852 S.W.2d at 446. The appellate court takes the facts
pled as true and considers any evidence in the record to the extent necessary to resolve
the issue of subject matter jurisdiction. See Bland Indep. Sch. Dist., 34 S.W.3d at 555. 

ISSUE ONE: SOVEREIGN IMMUNITY

 In response to the City's sovereign immunity pleading, the McBrooms contend that
their suit is not a "suit against the State" within the construct of the doctrine of sovereign
immunity. They claim that because their suit is not a "suit against the State," sovereign
immunity is inapplicable. We are referred, in part, to Federal Sign v. Texas S. Univ., 951
S.W.2d 401 (Tex. 1997). 

A. Law 

 Sovereign immunity encompasses two principles that protect the state and other
governmental entities in suits for money damages: immunity from suit and immunity from
liability. Id. at 405. Immunity from suit deprives a trial court of subject-matter jurisdiction
and is properly asserted in a plea to the jurisdiction. Travis County v. Pelzel & Assocs.
Inc., 77 S.W.3d 246, 248 (Tex. 2002). A municipality, as a political subdivision of the state,
is entitled to sovereign immunity. See City of Lancaster v. Chambers, 883 S.W.2d 650,
658 (Tex. 1994). 

 In determining the sovereign immunity issue, suits against the State or its entities
to determine parties' rights are distinguished from suits seeking damages. See Federal
Sign 951 S.W.2d at 404. See also Tex. Civ. Pract. & Rem. Code Ann. §§ 37.004(a),
37.006(b) (Vernon 1997). An action against an agency by a person for determination and
protection of that person's rights is not a suit against the State within the rule of sovereign
immunity. See Cobb v. Harrington, 190 S.W.2d 709, 712, 144 Tex. 360 (1945).

B. Analysis

 We must construe the McBrooms' pleadings in their favor and look to their intent in
determining jurisdiction. See Texas Ass'n of Bus., 852 S.W.2d at 446. Their pleadings
generally allege that the zoning in question does not comply with legal requirements and
is void. (1) They specifically disclaim seeking money damages, and affirmatively state that
the suit seeks only to invalidate actions of the City Commission which the McBrooms claim
to have been in violation of law. They pray, in part, for judgment annulling the RC-2
zoning.

 The lawsuit is not of a type such as those reflected by Denver City Indep. Sch. Dist.
v. Moses, 51 S.W.3d 386 (Tex.App.--Amarillo 2001, no pet.), and Ware v. Miller, 82
S.W.3d 795 (Tex.App.--Amarillo 2002, pet. denied). If the plaintiffs had prevailed on the
claims asserted in those suits, judgments for money against the governmental entities
would have resulted. See Denver City Indep. Sch. Dist., 51 S.W.3d at 392-93; Ware, 82
S.W.3d at 804. If the McBrooms prevail on the claims in their pleadings, a money
judgment against the City will not be the result. 

 The suit as currently pled is not a "suit against the State" within the meaning of that
phrase as it is used in determining sovereign immunity from suit. See Cobb, 190 S.W.2d
at 712. 

 The City's issue asserting sovereign immunity is overruled. 

ISSUE TWO: STANDING 

 In challenging the McBrooms' standing to bring their claims, the City posits that
neither of the McBrooms asserts a particularized injury or adverse impact distinguishable
from that of the general public. The City relies on Bland Indep. Sch. Dist., 34 S.W.3d at
553-54, for the proposition that absent such a particularized, individual injury, a citizen may
not maintain an action against the City. 

 In support of their standing claim, the McBrooms refer us to precedent involving
standing issues as to persons suing over both non-zoning and zoning matters. See Brown
v. Todd, 53 S.W.3d 297 (Tex. 2001) (mayor's executive order); Leach v. City of North
Richland Hills, 627 S.W.2d 854 (Tex.App.--Ft. Worth 1982, no writ) (zoning); Lozano v.
Patrician Movement, 483 S.W.2d 369 (Tex.Civ.App.--San Antonio, 1972 writ ref'd n.r.e.)
(zoning).

A. Law 

 The general test for standing in Texas requires that there be a real controversy
between the parties which will be determined by the judicial declaration sought. Texas
Ass'n of Bus., 852 S.W.2d at 446. A plaintiff may not maintain an action absent standing
to litigate the matters made the basis of the lawsuit, see Hunt v. Bass, 664 S.W.2d 323,
324 (Tex. 1984), because standing is a component of subject matter jurisdiction. See
Bland Indep. Sch. Dist., 34 S.W.3d at 553-54. A plaintiff does not have standing unless
the subject matter of the litigation affects the plaintiff differently than other members of the
general public. See Hunt, 664 S.W.2d at 324. One framework for testing a person's
standing directs inquiries into whether (1) the person has sustained or is in immediate
danger of sustaining a direct injury as a result of the wrongful act of which he complains; 
(2) there is a direct relationship between the alleged injury and the claim sought to be
adjudicated; (3) the person has a personal stake in the outcome of the case; (4) the
challenged action has caused the person some injury in fact; or (5) the person is an
appropriate party to assert the public's interest in the matter as well as his or her own
interest. See Marburger v. Seminole Pipeline Co., 957 S.W.2d 82, 89 (Tex.App.--Houston
[14th Dist.] 1997, pet. denied). 

B. Analysis

 The factual allegations of the McBrooms' pleadings, which we take as true in
determining the appeal, include allegations that John McBroom attends a public school
located several hundred feet from the Property and that he and other children attending
the school will be subjected to an increased risk of harm because of increased traffic as
a result of the zoning amendments and proposed construction by Wal-Mart. According to
the evidence, his future attendance at Crestview is speculative. Assuming, without
deciding, however, that he will be attending Crestview, neither the pleadings nor the
evidence support a claim that he has sustained or is in immediate danger of sustaining a
direct, individualized personal or economic injury. He advances no basis for us to conclude
that he is an appropriate party to assert the public's interest in the City Commission's
actions and zoning enactment. Id. 

 Neither the facts pled nor the evidence show that John has an individualized interest
or injury different from other members of the general public who will be exposed to
increased traffic, regardless of whether the other members of the public attend school or
simply live, work, or visit in the area. John has not shown standing to assert the claims
made. We sustain the City's issue as to him. 

 Mike McBroom alleges and testified that he owns a home and land near the
Property. Part of Mike's land and part of the Property lie in a flood plain. Mike alleges and
testified that he is in danger of sustaining a direct, individual injury from increased flooding
of his land as well as decreased value of his property as a result of the zoning
amendments and the proposed construction. 

 Mike McBroom claims an injury peculiar to him which is not common to the public
in general. See Lozano, 483 S.W.2d at 372. He has standing to attempt to prove his
allegations in a trial.

 Without expressing an opinion regarding the validity of his cause of action or the
merits of his claims, we overrule the City's challenge to Mike McBroom's standing. 

CONCLUSION

 As to John Curtis McBroom, the order of the trial court is reversed and his claims
are dismissed. As to Mike McBroom, the order of the trial court is affirmed and the cause
is remanded to the trial court for further proceedings. 

 The McBrooms' prayer for damages because of a frivolous appeal is denied. 



 Phil Johnson

 Chief Justice 
1. No issue as to the generality of the pleading is before us.