NO. 07-03-0242-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 14, 2003

_____

CITY OF CANYON, TEXAS, APPELLANT

V.

MIKE McBROOM AND TIMOTHY ETHAN McBROOM
AS NEXT FRIEND OF JOHN CURTIS McBROOM, A MINOR, APPELLEES

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 52,769-A; HONORABLE HAL MINER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

OPINION

City of Canyon, Texas, appeals from denial of its plea to the jurisdiction in a suit to invalidate amendments to its zoning ordinance and to enjoin issuance of construction permits for property re-zoned by the amendments. We reverse in part, affirm in part, and remand for further proceedings.

BACKGROUND

On April 7, 2003, the Canyon, Texas, City Commission adopted two amendments to the City's zoning ordinance. The amendments resulted in two tracts of land in the City (the "Property") being zoned RC-2 (commercial). As a result of the adoption of the zoning amendments, Mike McBroom and Timothy Ethan McBroom, as next friend of John Curtis McBroom, a minor, filed suit against the City (the "suit"). The McBrooms' suit alleges that the commercial zoning was proposed on behalf of Wal-Mart Stores, Inc., and that Wal-Mart plans to build a Wal-Mart Super Center on the Property. The McBrooms further allege that (1) the commercial zoning for the Property "does not comply with legal requirements for zoning and is void"; and (2) the actions of the City Commission which they challenge "are not in compliance with law." Their pleadings specifically state that their suit is not for money damages. The McBrooms pray for (1) injunctive relief pursuant to TEX. CIV. PRACT. & REM. CODE ANN. § 65.011 prohibiting the City from issuing a building permit, approval of a site plan or the taking of any other action allowing the building of structures on the Property pursuant to the RC-2 zoning; and (2) judgment annulling the RC-2 zoning.

Mike McBroom alleges and testified that he is a citizen, a resident of Canyon, and owns a home within 2000 feet of the Property. He further alleges that before he purchased his home he investigated and found that zoning in the area, including the one tract of the Property then within the City, was residential. Through his investigation he also found that part of the property he purchased for his home as well as the one tract of the Property then outside of the City lay in a flood plain, and that the City had a policy of not allowing construction in flood plain areas. He asserts that he relied on the zoning status and the

policy of the City when he purchased his home. Mike claims, and testified, that if Wal-Mart constructs a Super Center on the Property, the value of his nearby property will be adversely affected and his flood insurance premium might increase because construction in the flood plain will increase the elevation of the construction site and thus increase the possibility of flooding on nearby land.

John Curtis McBroom, a minor, is Mike's grandson. John, acting through his father Ethan, alleges that he is a student at Canyon Crestview Elementary School which is located several hundred feet from the proposed site for the Super Center. John claims that he and other children attending Crestview will be exposed to an increased risk of harm from increased automobile traffic if Wal-Mart builds a Super Center on the Property. Mike's testimony was the only evidence as to John's attendance at Crestview. Mike testified that John might or might not attend Crestview during the upcoming school year as John's family had not yet decided which school he would attend.

The City challenges the trial court's subject-matter jurisdiction. The City asserts that (1) it has sovereign immunity from suit and (2) both McBroom plaintiffs lack standing.

The parties stipulated that the City is a home rule city. The trial court denied the City's jurisdictional challenge. No injunctive relief was granted.

The City appeals from the ruling denying its challenge to the jurisdiction. It maintains via two issues that its sovereign immunity from suit and the McBrooms' lack of standing each deprived the trial court of subject-matter jurisdiction. The City prays that we render judgment dismissing the lawsuit. The McBrooms urge that the City's appeal is

3

frivolous and seek recovery of attorney's fees as damages under Texas Rule of Appellate Procedure 45.

JURISDICTION

Subject matter jurisdiction is essential to the authority of a court to decide a case. Texas Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). Subject matter jurisdiction is never presumed. Id. at 443-44. It is incumbent on a plaintiff to allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. Id. at 446; Richardson v. First Nat'l Life Ins. Co., 419 S.W.2d 836, 839 (Tex. 1967). The trial court may consider evidence when making its determination as to jurisdiction, and must do so when necessary to resolve the jurisdictional issues raised. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).

Jurisdiction is a legal question subject to *de novo* review on appeal. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). In making its *de novo* review, an appellate court construes the pleadings in favor of the plaintiff and looks to the pleader's intent. See Texas Ass'n of Bus., 852 S.W.2d at 446. The appellate court takes the facts pled as true and considers any evidence in the record to the extent necessary to resolve the issue of subject matter jurisdiction. See Bland Indep. Sch. Dist., 34 S.W.3d at 555.

ISSUE ONE: SOVEREIGN IMMUNITY

In response to the City's sovereign immunity pleading, the McBrooms contend that their suit is not a "suit against the State" within the construct of the doctrine of sovereign

4

immunity. They claim that because their suit is not a "suit against the State," sovereign immunity is inapplicable. We are referred, in part, to Federal Sign v. Texas S. Univ., 951 S.W.2d 401 (Tex. 1997).

## A. Law

Sovereign immunity encompasses two principles that protect the state and other governmental entities in suits for money damages: immunity from suit and immunity from liability. Id. at 405. Immunity from suit deprives a trial court of subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. Travis County v. Pelzel & Assocs. Inc., 77 S.W.3d 246, 248 (Tex. 2002). A municipality, as a political subdivision of the state, is entitled to sovereign immunity. See City of Lancaster v. Chambers, 883 S.W.2d 650, 658 (Tex. 1994).

In determining the sovereign immunity issue, suits against the State or its entities to determine parties' rights are distinguished from suits seeking damages. See Federal Sign 951 S.W.2d at 404. See also TEX. CIV. PRACT. & REM. CODE ANN. §§ 37.004(a), 37.006(b) (Vernon 1997). An action against an agency by a person for determination and protection of that person's rights is not a suit against the State within the rule of sovereign immunity. See Cobb v. Harrington, 190 S.W.2d 709, 712, 144 Tex. 360 (1945).

## B. Analysis

We must construe the McBrooms' pleadings in their favor and look to their intent in determining jurisdiction. See Texas Ass'n of Bus., 852 S.W.2d at 446. Their pleadings

5

generally allege that the zoning in question does not comply with legal requirements and is void.[1] They specifically disclaim seeking money damages, and affirmatively state that the suit seeks only to invalidate actions of the City Commission which the McBrooms claim to have been in violation of law. They pray, in part, for judgment annulling the RC-2 zoning.

The lawsuit is not of a type such as those reflected by Denver City Indep. Sch. Dist. v. Moses, 51 S.W.3d 386 (Tex.App.--Amarillo 2001, no pet.), and Ware v. Miller, 82 S.W.3d 795 (Tex.App.--Amarillo 2002, pet. denied). If the plaintiffs had prevailed on the claims asserted in those suits, judgments for money against the governmental entities would have resulted. See Denver City Indep. Sch. Dist., 51 S.W.3d at 392-93; Ware, 82 S.W.3d at 804. If the McBrooms prevail on the claims in their pleadings, a money judgment against the City will not be the result.

The suit as currently pled is not a "suit against the State" within the meaning of that phrase as it is used in determining sovereign immunity from suit. See Cobb, 190 S.W.2d at 712.

The City's issue asserting sovereign immunity is overruled.

ISSUE TWO:  STANDING

In challenging the McBrooms' standing to bring their claims, the City posits that neither of the McBrooms asserts a particularized injury or adverse impact distinguishable

---

[1]No issue as to the generality of the pleading is before us.

6

from that of the general public. The City relies on <u>Bland Indep. Sch. Dist.</u>, 34 S.W.3d at 553-54, for the proposition that absent such a particularized, individual injury, a citizen may not maintain an action against the City.

In support of their standing claim, the McBrooms refer us to precedent involving standing issues as to persons suing over both non-zoning and zoning matters. <u>See</u> <u>Brown v. Todd</u>, 53 S.W.3d 297 (Tex. 2001) (mayor's executive order); <u>Leach v. City of North Richland Hills</u>, 627 S.W.2d 854 (Tex.App.--Ft. Worth 1982, no writ) (zoning); <u>Lozano v. Patrician Movement</u>, 483 S.W.2d 369 (Tex.Civ.App.--San Antonio, 1972 writ ref'd n.r.e.) (zoning).

## A. Law

The general test for standing in Texas requires that there be a real controversy between the parties which will be determined by the judicial declaration sought. <u>Texas Ass'n of Bus.</u>, 852 S.W.2d at 446. A plaintiff may not maintain an action absent standing to litigate the matters made the basis of the lawsuit, <u>see</u> <u>Hunt v. Bass</u>, 664 S.W.2d 323, 324 (Tex. 1984), because standing is a component of subject matter jurisdiction. <u>See</u> <u>Bland Indep. Sch. Dist.</u>, 34 S.W.3d at 553-54. A plaintiff does not have standing unless the subject matter of the litigation affects the plaintiff differently than other members of the general public. <u>See</u> <u>Hunt</u>, 664 S.W.2d at 324. One framework for testing a person's standing directs inquiries into whether (1) the person has sustained or is in immediate danger of sustaining a direct injury as a result of the wrongful act of which he complains; (2) there is a direct relationship between the alleged injury and the claim sought to be

7

adjudicated; (3) the person has a personal stake in the outcome of the case; (4) the challenged action has caused the person some injury in fact; or (5) the person is an appropriate party to assert the public's interest in the matter as well as his or her own interest. See Marburger v. Seminole Pipeline Co., 957 S.W.2d 82, 89 (Tex.App.--Houston [14th Dist.] 1997, pet. denied).

## B. Analysis

The factual allegations of the McBrooms' pleadings, which we take as true in determining the appeal, include allegations that John McBroom attends a public school located several hundred feet from the Property and that he and other children attending the school will be subjected to an increased risk of harm because of increased traffic as a result of the zoning amendments and proposed construction by Wal-Mart. According to the evidence, his future attendance at Crestview is speculative. Assuming, without deciding, however, that he will be attending Crestview, neither the pleadings nor the evidence support a claim that he has sustained or is in immediate danger of sustaining a direct, individualized personal or economic injury. He advances no basis for us to conclude that he is an appropriate party to assert the public's interest in the City Commission's actions and zoning enactment. Id.

Neither the facts pled nor the evidence show that John has an individualized interest or injury different from other members of the general public who will be exposed to increased traffic, regardless of whether the other members of the public attend school or

8

simply live, work, or visit in the area.  John has not shown standing to assert the claims made.  We sustain the City's issue as to him.

Mike McBroom alleges and testified that he owns a home and land near the Property.  Part of Mike's land and part of the Property lie in a flood plain.  Mike alleges and testified that he is in danger of sustaining a direct, individual injury from increased flooding of his land as well as decreased value of his property as a result of the zoning amendments and the proposed construction.

Mike McBroom claims an injury peculiar to him which is not common to the public in general.  See Lozano, 483 S.W.2d at 372.  He has standing to attempt to prove his allegations in a trial.

Without expressing an opinion regarding the validity of his cause of action or the merits of his claims, we overrule the City's challenge to Mike McBroom's standing.

CONCLUSION

As to John Curtis McBroom, the order of the trial court is reversed and his claims are dismissed.  As to Mike McBroom, the order of the trial court is affirmed and the cause is remanded to the trial court for further proceedings.

The McBrooms' prayer for damages because of a frivolous appeal is denied.


Phil Johnson
Chief Justice

9