ACCEPTED
04-14-00674-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/18/2015 5:41:22 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00674-CV

**IN THE COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/18/2015 5:41:22 PM
KEITH E. HOTTLE
Clerk

**JOHN M. DONOHUE,**

*Appellant*,

**v.**

**BANDERA COUNTY SHERIFF'S DEPARTMENT; DANIEL R. BUTTS, SHERIFF; J.J. MARTINEZ, DEPUTY; DEPUTY JOHN JOE #1; DEPUTY JOHN DOE #2; AND DEPUTY JOHN DOE #3, INDIVIDUALLY, JOINTLY, SEVERALLY AND IN THEIR OFFICIAL CAPACITY,**

*Appellees*.

**On Appeal From the 198th District Court of Bandera County, Texas Trial Court Cause No. CV-14-180 The Honorable M. Rex Emerson, Judge Presiding**

## BRIEF OF APPELLEES

MICHAEL SHAUNESSY
State Bar No. 18134550
mshaunessy@mcginnislaw.com
ERIC JOHNSTON
State Bar No. 24070009
ejohnston@mcginnislaw.com
**MCGINNIS LOCHRIDGE, LLP**
600 Congress Avenue, Suite 2100
Austin, Texas 78701
512.495.6000 (telephone)
512.505.6364 (telecopier)

*Attorneys for Appellees*

# IDENTITY OF PARTIES AND COUNSEL

A complete list of all parties to trial court's judgment, together with the names and addresses of all trial and appellate counsel, appears below.

**Appellant:** John M. Donohue

**Trial and Appellant Counsel for Appellant:** John M. Donohue, Pro Se
TDCJ #1895073
Duncan Unit
1502 South 1st Street
Diboll, Texas 75941

**Appellees:** Bandera County Sheriff's Department; Daniel R. Butts, Sheriff; J.J. Martinez, Deputy; Deputy John Joe #1; Deputy John Doe #2; and Deputy John Doe #3, Individually, Jointly, Severally and In Their Official Capacity

**Trial and Appellant Counsel for Appellees:** MICHAEL SHAUNESSY
State Bar No. 18134550
mshaunessy@mcginnislaw.com
ERIC JOHNSTON
State Bar No. 24070009
ejohnston@mcginnislaw.com
**MCGINNIS LOCHRIDGE, LLP**
600 Congress Avenue, Suite 2100
Austin, Texas 78701
512.495.6000 (telephone)
512.505.6364 (telecopier)

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................ ii

TABLE OF CONTENTS ...................................................................................... iii

TABLE OF AUTHORITIES ............................................................................... iv

RECORD REFERENCES ......................................................................................1

STATEMENT OF THE CASE ..............................................................................1

REQUEST FOR ORAL ARGUMENT ................................................................1

ISSUES PRESENTED ...........................................................................................2

STATEMENT OF FACTS ....................................................................................2

SUMMARY OF THE ARGUMENT ...................................................................4

ARGUMENT ..........................................................................................................4

      I.      Standard of Review ...........................................................................4

      II.     Appellant Files suit Against Bandera County, Not the Officer in their Individual Capacities....................................................6

      III.    Immunity ...........................................................................................7

            A. Bandera County is Protected by the Doctrine of Governmental Immunity and, thus, Enjoys Immunity from Suit ...................................................................7

            B. The Component Elements of Sovereign Immunity ........................9

            C. The TTCA does not Waive Immunity from Suit..........................10

    D.  No Waiver Exists to Recover Damage to Appellant's Truck ........................................................................13

IV.    Appellant has Filed a Civil Suite ........................................................13

V.    The Court Correctly Denied Appellant's Motion to Release Information, Because No Possible Amendment Could Cure The Jurisdictional Defect...................................................14

PRAYER.....................................................................................................................15

CERTIFICATE OF SERVICE ...............................................................................16

CERTIFICATE OF COMPLIANCE.....................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. Walker,*
    435 S.W.3d 789 (Tex. 2014) ...................................................................6

*Ben Bolt Palito Blanco Consol. Ind. Sch. Dist. v. Tex. Political*
*Subdivisions Prop. Cas. Self Ins. Fund,*
    212 S.W.3d 320 (Tex. 2006) ...................................................................8

*Bland Indep. Sch. Dist. v. Blue,*
    34 S.W.3d 547 (Tex. 2000) ....................................................................9

*Catalina Dev., Inc. v. County of El Paso,*
    121 S.W.3d 704 (Tex. 2003) ...................................................................9

*City of Canyon v. McBroom,*
    121 S.W.3d 410 (Tex. App.–Amarillo 2003, no pet. h.)...............................5

*City of El Paso v. Heinrich,*
    284 S.W.3d 366 (Tex. 2009) ...................................................................8

*City of Houston v. Arney,*
    680 S.W.2d 867 (Tex. App.–Houston [1st Dist.] 1984, no writ) .................10

*City of Houston v. Williams,*
    353 S.W.3d 128 (Tex. 2011) ...................................................................8

*City of Weslaco v. Cantu,*
    No. 13-03-361-CV, 2004 WL 210790 (Tex. App.–Corpus Christi,
    Feb. 5, 2004, no pet.) .............................................................................5

*County of Cameron v. Brown,*
    80 S.W.3d 549 (Tex. 2002) ....................................................................5

*Dallas Area Rapid Transit v. Whitley,*
    104 S.W.3d 540 (Tex. 2003) ...................................................................5

*Federal Sign v. Texas Southern University,*
    951 S.W.2d 401 (Tex. 1997) ...................................................................9

*Forbes v. Lanzl,*
   9 S.W.3d 895 (Tex. App.–Austin 2000, pet. denied) ....................................11

*Gen. Servs. Comm'n v. Little-Tex Installation Co.,*
   39 S.W.3d 591 (Tex. 2001) .........................................................................15

*Goodman v. Harris County,*
   571 F.3d 388(5th Cir. 2009) .......................................................................12

*Hardin Cty. Community Supervision and Corrections Dep't v. Sullivan,*
   106 S.W.3d 186 (Tex. App.–Austin 2003, pet. denied) .................................5

*Harris Cty. v. Cabazos,*
   177 S.W.3d 105 (Tex. App.–Houston [1st Dist.] 2005, no pet.)..............12, 13

*Harris Cty. v. Sykes,*
   136 S.W.3d 635 (Tex. 2004) ........................................................................14

*Harris Cty. Hosp. Dist. v. Tomball Reg'l Hosp.,*
   283 S.W.3d 838 (Tex. 2009) .........................................................................9

*Heigel v. Wichita County,*
   84 Tex. 392, 19 S.W. 562 (1892) ...................................................................7

*Leatherwood v. Prairie View A&M Univ.,*
   No. 01-02-61334-CV, 2004 WL 253275 ........................................................5

*Lowe v. Tex. Tech Univ.,*
   540 S.W.2d 297 (Tex. 1976) ..........................................................................7

*Morris v. Copeland,*
   944 S.W.2d 696 (Tex. App.–Corpus Christi 1997, no writ) ..........................12

*Rolling Plains Groundwater Conservation Dist. v. City of Aspermont,*
   353 S.W.3d 756(Tex. 2011) .......................................................................7, 8

*Rusk State Hospital v. Black,*
   392 S.W.3d 88 (Tex 2012) .............................................................................9

*Smith v. Davis,*
   999 S.W.2d 409 (Tex. App.–Dallas 1999, no pet.) .........................................7

*State v. Lueck*,
     290 S.W.3d 876 (Tex. 2009) ...............................................................9

*Sw. Bell Tel., L. P. v. Harris County Toll Road Auth.*,
     282 S.W.3d 59 (Tex. 2009) .................................................................8

*Tex. A&M Univ. Sys v. Koseoglu*,
     233 S.W.3d 835 (Tex. 2007) .............................................................14

*Tex. Ass'n of Bus. v. Tex. Air Control*,
     852 S.W.2d 440 (Tex. 1993) ........................................................4, 5, 6

*Tex. Bay Cherry Hill L.P. v. City of Fort Worth*,
     257 S.W.3d 379 (Tex.App.–Fort Worth 2008, no pet.) .................................6

*Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*,
     145 S.W.3d 170 (Tex. 2004) ...............................................................8

*Tex. Dep't of Transp. v. Jones*,
     8 S.W.3d 636 (Tex. 1999) ..................................................................9

*Tex. Dep't of Transp. v. Ramirez*,
     74 S.W.3d 864 (Tex 2002) .................................................................5

*Tex. Dep't of Transp. v. Sefzik*,
     2011 WL 5041969 (Tex. Oct. 21, 2011) ..................................................8

*Tex. Home Mgmt. v. Peavy,*
     89 S.W.3d 30 (Tex. 2002) ..................................................................8

*Texas Attorney General's Office v. Ngakoue*,
     2013 WL 4608867 (Tex. 2013) ............................................................6

*Texas Dep't Pub. Safety v. Petta*,
     44 S.W.3d 575 (Tex. 2001) ............................................................12, 13

*Tex. Natural Resource Conservation Com'n v. IT Davy*,
     74 S.W.3d 849 (Tex. 2002) .............................................................9, 15

*Univ. of Tex. at Austin v. Hayes*,
     327 S.W.3d 113 (Tex. 2010) ..............................................................10

*Wal-mart Stores v. Rodriguez,*
92 S.W.3d 502 (Tex. 2002) ...........................................................................11

*Wal–Mart Stores, Inc. v. Odem,*
929 S.W.2d 513 (Tex. App.–San Antonio 1996, pet. denied) ......................11

*Wichita Falls State Hosp.,*
106 S.W.3d at 692 ......................................................................................8, 9

**Statutes**

TEX. CIV. PRAC. & REM. CODE §§ 101.021(1)-(2), 101.022 ................................10

TEX. CIV. PRAC. & REM. CODE §101.021 ......................................................10, 13

TEX. CIV. PRAC. & REM. CODE §101.057 .............................................................12

TEX. CIV. PRAC. & REM. CODE §101.106(a) ..........................................................7

TEX. CIV. PRAC. & REM. CODE §101.106(e) ..........................................................6

TEX. CODE CRIM. PROC. Art. 2.01-2.021 ............................................................14

TEX. CODE CRIM. PROC. Art. 3.02 .......................................................................14

TEX. PENAL CODE § 22.01 ..................................................................................11

**Rules**

Texas Rule of Appellate Procedure 9.4(i)(2) ........................................................17

# RECORD REFERENCES

Appellees will make use of the following abbreviations in their Brief:

| | |
|---|---|
| Clerk's Record | CR <u>page</u> |
| Reporter's Record | RR <u>page</u> |
| Appellant's Brief | Brief <u>page</u> |

# STATEMENT OF THE CASE

| | |
|---|---|
| Description: | Suit for damages against governmental entity elected officials and employees based on intentional torts in the form of personal injuries suffered during arrest. |
| Trial Court Judge: | The Honorable M. Rex Emerson |
| Trial Court: | 198th Judicial District Court, Bandera County, Texas |
| Trial Court Disposition: | Final Judgment |
| Appellant: | John M. Donohue |
| Appellees: | Bandera County Sheriff's Department; Daniel R. Butts, Sheriff; J.J. Martinez, Deputy; Deputy John Joe #1; Deputy John Doe #2; and Deputy John Doe #3, Individually, Jointly, Severally and In Their Official Capacity |
| Action for Which Relief is Sought: | Review of district court's entry of final judgment granting Appellees' plea to the jurisdiction and dismissing the suit. |

# REQUEST FOR ORAL ARGUMENT

Appellees believe that oral argument is unnecessary because the issues presented to this Court may be clearly decided through briefing and reliance on longstanding legal precedence. If the Court decides to grant oral argument, then Appellees request permission to participate.

1

## ISSUES PRESENTED

Appellant points out five errors in the trial court's order on Appellees' Plea to the Jurisdiction. Although all of Appellant's points of error are addressed in the following Brief, Appellees believe that the only pertinent issues are as follows:

1. Did Bandera County have immunity from suit thereby denying the district court of jurisdiction over Appellant's claims?

2. Was it proper for the trial court to deny Appellant's Motion to Release Information?

## STATEMENT OF FACTS

On June 4, 2014, Plaintiff/Appellant John Michael Donohue ("Appellant") filed with the 198th Judicial District Court of Bandera County, Texas an Original Notice of Assault and False Imprisonment (the "Notice of Intentional Torts"). CR 6-13. Appellant names Sheriff Daniel R. Butts ("Sheriff Butts") and two John Does as defendants. Appellant specifically states in his pleading that he is suing all defendants in their official and individual capacities. CR 6. Appellant alleges that he suffered personal injuries during his arrest by the Bandera County Sheriff's Office ("BCSO"). CR 8. Appellant states in the Notice of Intentional Torts that he is bringing claims under Chapter 20 and 22 of the Texas Penal Code. CR 8. Appellant alleges that Sheriff Butts, through vicarious liability, committed false imprisonment, assault, and aggravated assault. CR 9. Appellant also notes in the

Notice of Intentional Torts that he is seeking compensatory and punitive damages. CR 9.

Then, on June 11, 2014, Appellant filed his Original Notice of Complaints and Claims for Relief ("Notice of Claims"). CR 21-27. Appellant names as defendants, Sheriff Butts, Deputy J.J. Martinez ("Deputy Martinez") and three John Does as defendants. CR 21. In this pleading, Appellant notes that he is suing all defendants in their individual and official capacities. CR 21. Appellant alleges that he is seeking respondeat superior liability of Sheriff Butts for the actions of BCSO deputies firing shots at Appellant's truck. CR 23. Appellant does not allege that Sheriff Butts was involved in his arrest. CR 6-11, 21-27. Through the Notice of Claims, Appellant seeks compensatory and punitive damages and restitution in an amount equal to the value of his truck. CR 24. Sheriff Butts and Deputy Martinez were served with both the Notice of Intentional Torts and the Notice of Claims. CR 6-11, 45, 47.

Only July 7, 2014, Appellees filed their Plea to the Jurisdiction, Plea in Abatement, and Original Answer. CR 87-93. Appellees asserted that the trial court lacked subject matter jurisdiction, because Appellees enjoy immunity from suit. CR 87. After a hearing in which Appellant appeared via telephone, the trial court granted Appellees' Plea to the Jurisdiction. RR 2, 13-14. On August 29, 2014, the trial court signed an order dismissing Appellant's claims with prejudice. CR 110.

3

## SUMMARY OF THE ARGUMENT

Bandera County is a governmental entity that is protected by governmental immunity, a component of which is immunity from suit. In order to bring a lawsuit against a governmental entity, a plaintiff must be able to plead a clear and unequivocal waiver of immunity from suit created by the legislature. Appellant's claims, all of which are based on intentional torts, are not subject to any waiver of immunity. Rather, the Texas Tort Claims Act ("TTCA") clearly provides that claims based on intentional torts are expressly barred. Because Appellant does not and cannot plead a waiver of immunity from suit, the trial court did not have subject matter jurisdiction over Bandera County. The trial court correctly granted Bandera County's plea to the jurisdiction and denied Appellant's Motion to Release Information.

## ARGUMENT

### I.    Standard of Review.

While a court must construe a plaintiff's pleading to determine the intent of the pleading, a court cannot liberally construe the question of law regarding whether there is a waiver of immunity from suit. When a plea to the jurisdiction is based on plaintiff's pleadings, as opposed to plaintiff's ability to prove jurisdictional facts, the trial court and court of appeal's review is limited to the four-corners of the plaintiff's live pleading. *Tex. Ass'n of Bus. v. Tex. Air Control*,

4

852 S.W.2d 440, 446 (Tex. 1993). A plaintiff must affirmatively plead a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540 (Tex. 2003). Courts must construe the pleadings in plaintiff's favor and look to plaintiff's intent in determining if plaintiff plead facts that would have established a waiver of immunity from suit. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex 2002); *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

The plaintiff's live pleading must demonstrate, by the facts alleged or reference to statute or other provisions of law, that immunity from suit has been waived. *Leatherwood v. Prairie View A&M Univ.*, No. 01-02-61334-CV, 2004 WL 253275 (Tex. App.–Houston [1st Dist.], Feb. 12, 2004, no pet. h.); *City of Weslaco v. Cantu*, No. 13-03-361-CV, 2004 WL 210790 (Tex. App.–Corpus Christi, Feb. 5, 2004, no pet.); *City of Canyon v. McBroom*, 121 S.W.3d 410 (Tex. App.–Amarillo 2003, no pet. h.); *Hardin Cty. Community Supervision and Corrections Dep't v. Sullivan*, 106 S.W.3d 186, 189 (Tex. App.–Austin 2003, pet. denied).

Appellant argues that the trial court should have allowed discovery and considered whether he might prove facts that can establish jurisdiction. However, when a plea to the jurisdiction challenges whether Appellant has plead a waiver of immunity from suit, as in this case, the court's review is limited to the pleadings

and the court does not consider what, if any, evidence might be offered at trial. *Tex. Ass'n of Bus*, 852 S.W.2d at 446.

## II.    Appellant Files suit Against Bandera County, not the Officers in their Individual Capacities.

Appellant argues that he has not brought suit against a governmental entity but, rather, against the individual defendants in their personal capacities. Brief 4. Appellant admits that he brings suit against all defendants in their official and personal capacity. Brief 8. The Texas Civil Practice & Remedies Code finds that Appellant, as a matter of law, sues all individuals in their official capacity. Pursuant to Texas Civil Practices & Remedies Code §101.106(e) "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE §101.106(e). Section 101.106 applies regardless of whether an employee is sued in his official capacity or individual capacity. *See, e.g., Tex. Bay Cherry Hill L.P. v. City of Fort Worth*, 257 S.W.3d 379, 401 (Tex.App.–Fort Worth 2008, no pet.) ([a] "suit under the [TTCA] against a governmental unit bars a same-subject-matter suit against an employee in both the employee's official and individual capacities"); *see also Alexander v. Walker*, 435 S.W.3d 789 (Tex. 2014) (if substance of plaintiff's claim is predicated on actions in course or scope of responsibilities as official or employee, then claim is against the entity and not the individuals); *Texas Attorney General's Office v.*

6

*Ngakoue*, 2013 WL 4608867, at \*6-7 (Tex. 2013). Any suit brought against Sheriff Butts or his deputies in their official capacities is a suit against the governmental entity–Bandera County. *See Smith v. Davis,* 999 S.W.2d 409, 416 (Tex. App.–Dallas 1999, no pet.). Because Appellant stated he was suing the individual defendants in their official capacity and later sued them in their official and individual capacities, by operation of law, he makes an irrevocable election to sue Bandera County and is barred from pursuing suit against the individuals. *See* TEX. CIV. PRAC. & REM. CODE §101.106(a).

## III.  <u>Immunity</u>

### A.  *Bandera County is Protected by the Doctrine of Governmental Immunity and, thus, Enjoys Immunity from Suit*

Bandera County enjoys governmental immunity, the name for sovereign immunity applicable to local governmental entities. *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297 (Tex. 1976) (sovereign immunity extends to the political subdivisions of the state, including counties); *see also Heigel v. Wichita County*, 84 Tex. 392, 19 S.W. 562, 563 (1892); *Rolling Plains Groundwater Conservation Dist. v. City of Aspermont*, 353 S.W.3d 756, 759 (Tex. 2011) (per curiam) (sovereign immunity, as it applies to local governmental entities, is referred to as governmental immunity).[1]

_____

[1] While the technical name of the immunity enjoyed by local governmental entities is different, governmental immunity offers counties and other local governmental entities the same degree of

In part, sovereign immunity serves the purpose of protecting tax revenues from being spent on the costs of litigation and judgments, as opposed to their intended purpose, which is the provision of governmental services.[2] *Ben Bolt-Palito Blanco Consol. Ind. Sch. Dist. v. Tex. Political Subdivisions Prop. Cas. Self Ins. Fund*, 212 S.W.3d 320 (Tex. 2006); *Tex. Dep't of Transp. v. Sefzik*, 2011 WL 5041969 (Tex. Oct. 21, 2011) *4; *Rolling Plains Groundwater*, 353 S.W.3d at 760; *Wichita Falls State Hosp.*, 106 S.W.3d at 692. The purpose of sovereign immunity "is pragmatic: to shield the public from the cost and consequences of imprudent actions of their government." *Id.* (internal quotation omitted); *City of Houston v. Williams*, 353 S.W.3d 128, 131 (Tex. 2011). Subjecting governmental entities to litigation and judgments will force governmental entities to take money from other activities (providing police protection, building public improvements,

protection from suit as is afforded to state entities under sovereign immunity. *Id.* ("[g]overnmental immunity, like the doctrine of sovereign immunity to which it is appurtenant, involves two issues: whether the State has consented to suit and whether the State has accepted liability"). For ease of reference, throughout this brief, sovereign immunity and governmental immunity are collectively referred to as sovereign immunity.

[2] Additionally, sovereign immunity precludes second guessing of certain governmental actions and decisions. *See Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004); *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 371-73 & n.6 (Tex. 2009) (litigation cannot be utilized "*to control state action by imposing liability on the State*") (italics in the original). Thus, policy level decisions, decisions regarding budgeting and allocation of resources, decisions regarding the provision of certain services (fire, police, and emergency services) and decisions regarding the design of public works cannot be the bases of suit. *Sw. Bell Tel., L. P. v. Harris County Toll Road Auth.*, 282 S.W.3d 59, 68 (Tex. 2009). "As we have often noted, the Legislature is best positioned to waive or abrogate sovereign immunity because it allows the Legislature to protect its policymaking function." *Id.* (internal quotation and citation omitted). *See Tex. Home Mgmt. v. Peavy,* 89 S.W.3d 30, 43 (Tex. 2002); Tex. Civ. Prac. & Rem. Code § 101.021.

8

and providing social services) and expend those funds to defend lawsuits and pay judgments. *Wichita Falls State Hosp.*, 106 S.W.3d at 698; *Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704 (Tex. 2003); *Rusk State Hospital v. Black*, 392 S.W.3d 88 (Tex 2012).

### B. The Component Elements of Sovereign Immunity

> Sovereign immunity embraces two principals: immunity from suit and immunity from liability. First, the State retains *immunity from suit* without legislative consent, even if the State's liability is not disputed. Second, the State retains *immunity from liability* though the Legislature has granted consent to the suit.

*Federal Sign v. Texas Southern University,* 951 S.W.2d 401, 405 (Tex. 1997) (citations omitted); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) ("[i]mmunity from liability and immunity from suit are two distinct principles"). The Texas Supreme Court went on to explain the effect of immunity from suit.

*Immunity from suit* bars a suit against the State unless the State expressly gives its consent to the suit. *Federal Sign*, 951 at 405; *State v. Lueck*, 290 S.W.3d 876 (Tex. 2009) ("[i]mmunity from suit is a jurisdictional question of whether the State has expressly consented to suit.…"); *Harris Cty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). Because immunity from suit challenges a court's jurisdiction, it is properly raised by a plea to the jurisdiction. *Jones*, 8 S.W.3d at 637; *see also Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.

2000). Whether a court has subject matter jurisdiction is a question of law. *Tex. Natural Resource Conservation Com'n v. IT-Davy*, 74 S.W.3d 849 (Tex. 2002).

Accordingly, Appellant has the burden of alleging facts that establish a waiver of immunity from suit. *See City of Houston v. Arney*, 680 S.W.2d 867 (Tex. App.–Houston [1st Dist.] 1984, no writ). But, Appellant did not allege any waiver of immunity in his Original Petition (CR 6-11, 21-27), and the Trial Court correctly determined that no waiver exists under the circumstances. CR 110. On this basis alone, Appellant's claims were properly dismissed.

### C. *The TTCA does not Waive Immunity from Suit*

Under the TTCA, governmental entities, such as Bandera County, are immune from tort suits, except for the limited waiver of immunity provided for in the TTCA. TEX. CIV. PRAC. & REM. CODE §101.021. The TTCA waives immunity from suit for tort claims in narrowly-defined circumstances. *See* TEX. CIV. PRAC. & REM. CODE §101.021. Those narrow exceptions include suits against governmental units for personal injuries caused by: (1) the negligent use of publicly owned motor-driven vehicles or equipment; (2) a condition or use of tangible personal or real property; and (3) premise defect or a condition of real property. TEX. CIV. PRAC. & REM. CODE §§ 101.021(1)-(2), 101.022. To establish the trial court's jurisdiction, the plaintiff must allege facts demonstrating jurisdiction, and the court is to construe the pleadings in plaintiff's favor. *Univ. of Tex. at Austin v. Hayes*,

10

327 S.W.3d 113, 116 (Tex. 2010). Appellant's pleadings establish that his claims do not arise from the use of a publicly owned automobile, nor do they arise from a condition or use of tangible personal property, or from a premise defect or a condition of real property. CR 6-11, 21-27.

Rather, Appellant's claims arise from an alleged wrongful arrest made with the use of allegedly excessive force and being held without probable cause. CR 6-11, 21-27. Appellant alleges that he was subjected to intentional acts, specifically that Bandera County's actions amounted to assault, false imprisonment, and destruction of personal property. CR 6-11, 21-27.

The elements of assault are the same in both civil and criminal cases. *City of Watauga v. Gordon* 2014 WL 2535995 at \*3 (Tex. 2014); *Forbes v. Lanzl,* 9 S.W.3d 895, 900 (Tex. App.–Austin 2000, pet. denied). A person commits an assault by: (1) *intentionally*, knowingly, or recklessly causing bodily injury to another; (2) *intentionally* or knowingly threatening another with imminent bodily injury; or (3) *intentionally* or knowingly causing physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. TEX. PENAL CODE § 22.01; *Forbes,* 9 S.W.3d at 900; *Wal–Mart Stores, Inc. v. Odem,* 929 S.W.2d 513, 521 (Tex. App.–San Antonio 1996, pet. denied). Additionally, the elements of false imprisonment also include intent (*i.e.*, that the defendant *willfully* detained the plaintiff). *See Wal-mart*

11

*Stores v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). Additionally, the gravamen of Appellant's claim regarding his truck is that a BCSO deputy intentionally shot his truck. CR 22; Brief 3.

The TTCA explicitly states that it does not apply to claims arising out of an intentional tort by a governmental employee. *City of Watauga*, 2014 WL 2535995 at* 3; *Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2009) (cert. denied 130 S.Ct. 1146); *see also* TEX. CIV. PRAC. & REM. CODE §101.057. "If a plaintiff pleads facts which amount to an intentional tort, *no matter if the claim is framed as negligence*, the claim generally is for an intentional tort and is barred by the [TTCA]." *Harris Cty. v. Cabazos*, 177 S.W.3d 105, 111 (Tex. App.–Houston [1st Dist.] 2005, no pet.)*; see also Texas Dep't Pub. Safety v. Petta*, 44 S.W.3d 575, 580-81 (Tex. 2001) (DPS was immune from false-imprisonment claim against police officer); *Morris v. Copeland*, 944 S.W.2d 696, 699 (Tex. App.–Corpus Christi 1997, no writ) (county was immune from false imprisonment claim against sheriff). Appellant's allegations of assault, false imprisonment and destruction of personal property fit squarely within Section 101.057's exclusion of claims arising out of intentional torts because the gravamen of his claims are allegations pf intentional torts. *See* TEX. CIV. PRAC. & REM. CODE § 101.057; *City of Watauga*, 2014 WL 2535995, p. 3; *Petta,* 44 S.W.3d at 580; *Cabazos*, 177 S.W.3d at 111. Specifically, Appellant's allegations amount to intentional torts because they focus

on the conduct of the BCSO deputies in the firing of their pistols, and not on the use of a government-owned vehicle, the condition or use of personal or real property, or a premise defect as required by the TTCA. CR 6-11, 21-27. *Petta,* 44 S.W.3d at 580; *Cabazos*, 177 S.W.3d at 111. Accordingly, the trial court properly granted Appellees' Plea to the Jurisdiction because there is no waiver for Appellant's claims.

### D. *No Waiver Exists to Recover Damage to Appellant's Truck.*

Moreover, to the extent that Appellant seeks damages related to his truck, Appellant absolutely cannot establish a waiver of immunity from suit. Under the TTCA, property damage is only recoverable if the "property damage . . . arises from the operation or use of a [government operated] motor-driven vehicle or motor-driven equipment." Tex. Civ. Prac. & Rem. Code §101.021. Appellant does not allege that any damage to his truck was caused by the operation of a government owned motor-driven vehicle/equipment. Rather, he alleges that the damage was caused by the shots fired by BCSO deputies. CR 22. Accordingly, Appellant cannot establish a waiver of immunity. Again, the trial court was correct in granting the plea to the jurisdiction.

## IV. **Appellant has Filed a Civil Suit.**

Appellant contends that it was wrong of the trial court to dismiss his case because he was, in fact, seeking relief under the Texas Penal Code. Brief 4.

Appellant can offer no authority to support his contention that he has standing to bring suit under the Texas Penal Code. In fact, the Texas Code of Criminal Procedure outlines that it is the duties of the district attorney, the county attorney, or the Texas Attorney General to bring criminal actions on behalf of the State under the Texas Penal Code. *See* TEX. CODE CRIM. PROC. Art. 2.01-2.021; *see also* TEX. CODE CRIM. PROC. Art. 3.02 ("A criminal action is prosecuted in the name of the State of Texas against the accused, and is conducted by some person acting under the authority of the State, in accordance with its laws."). Regardless of the lack of authority, Appellant is seeking civil remedies of compensatory and punitive damages. Thus, the pleadings he filed constitute a civil suit for money damages and not an action brought pursuant to the Texas Penal Code. CR 9, 25.

## V.  **The Court Correctly Denied Appellant's Motion to Release Information, Because No Possible Amendment Could Cure the Jurisdictional Defect.**

When dismissing based on immunity from suit, the trial court must consider whether a plaintiff should have the opportunity to amend his pleadings to allege facts establishing the existence of subject matter jurisdiction. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). However, an opportunity to amend need not be given when any such amendment would be futile. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). In *Koseoglu*, the Supreme Court held that a party asserting a breach of contract claim against the state university

14

was not entitled to replead his case where no such repleading could avail the litigant. *Id.*, citing *Gen. Servs. Comm'n v. Little-Tex Installation Co.*, 39 S.W.3d 591, 598 (Tex. 2001).

In this case, Appellant cannot plead any fact that would allege a waiver of Bandera County's immunity from suit. He asserts intentional torts that are specifically excepted from any waiver of immunity in the TTCA. He does not purport to show any statutory authorization for his claims. Because Appellant's claims cannot be saved through repleading, the trial court's denial of the Motion to Release Information was proper. Moreover, the trial court's denial of the Motion to Release Information is consistent with Texas jurisprudence holding that the purpose of sovereign immunity is to preserve governmental resources. *See IT–Davy, 74 S.W.3d at 854* (noting that "[s]ubjecting the government to liability may hamper governmental functions by shifting tax resources away from their intended purposes toward defending lawsuits and paying judgments").

## PRAYER

Appellees Bandera County Sheriff's Department; Daniel R. Butts, Sheriff; J.J. Martinez, Deputy; Deputy John Joe #1; Deputy John Doe #2; and Deputy John Doe #3, Individually, Jointly, Severally and In Their Official Capacity pray that this Court affirm the final judgment of the trial court dismissing all of Appellant's claims for lack for jurisdiction.

15

Respectfully submitted,

**MCGINNIS LOCHRIDGE, LLP**
600 Congress Avenue, Suite 2100
Austin, Texas 78701
512.495.6000 (telephone)
512.505.6364 (telecopier)

By:   /s/ Eric A. Johnston
        MICHAEL SHAUNESSY
        State Bar No. 18134550
        mshaunessy@mcginnislaw.com
        ERIC A. JOHNSTON
        State Bar No. 24070009
        ejohnston@mcginnislaw.com

*Attorneys for Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 18th day of March, 2015, I electronically filed the foregoing with the Clerk of the Court using the Texas Online eFiling for courts system and provided a copy, via certified mail, return receipt requested, to the following:

John M. Donohue, Pro Se
TDCJ #1895073
Duncan Unit
1502 South 1st Street
Diboll, Texas 75941

/s/ Eric A. Johnston
Michael Shaunessy
Eric A. Johnston

16

**CERTIFICATE OF COMPLIANCE**

In compliance with Texas Rule of Appellate Procedure 9.4(i)(2), this brief contains 3,643 words, excluding the portions of the brief exempted by Rule 9.4(i)(l).

/s/ Michael Shaunessy

Michael Shaunessy
Eric Johnston